**Carlton Lavan LOVING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–93–00320–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 7, 1994.

Don A. Hecker, Houston, for appellant.

John F. Healey, Jr., J. Sidney Crowley, Sally Keys, Fort Bend, for appellee.

Before COHEN, ANDELL and WILSON, JJ.

## OPINION ON MOTION
## FOR REHEARING

WILSON, Justice.

The State has filed a motion for rehearing. We deny the motion, but we withdraw our previous opinion and substitute the following in its place.

The trial court found appellant, Carlton Lavan Loving, guilty of the offense of possession of a controlled substance (cocaine) and sentenced him to 16-years confinement. In two points of error, appellant challenges the trial court's denial of his motion to suppress, claiming that (1) the styrofoam cup and the cocaine were the fruits of an illegal arrest and search and seizure, and (2) the trial court's refusal to disclose the identity of the confidential informant was error. We reverse and remand.

Officer Elmo Cepeda, a narcotics agent with the Missouri City Police Department assigned to the Fort Bend County Narcotics Division, testified that on June 26, 1992, he received a telephone call from a confidential informant. Officer Cepeda had worked with the informant for six to eight years and considered the informant very reliable and credible. According to the informant, appellant was trying to set up a sale of approximately one ounce of crack cocaine to occur within approximately 30 minutes. Officer Cepeda had met appellant previously on June 24.

Officer Cepeda stated that, as a result of appellant contacting the informant, he set up a briefing with other members of the narcotics division and told them that appellant "was going to flash the narcotics at this car wash." The plan was for Officer Cepeda, in plain clothes and an unmarked car, to position himself where he could see appellant's arrival, monitor the activities, and radio the other

team members. The informant was supposed to view the drugs and then Officer Cepeda would approach to purchase the drugs.

Officer Cepeda and Sergeant Richard Russek positioned themselves in the car across the street over 100 yards from where the informant was located at the car wash. Officer Cepeda testified he had a clear, unobstructed view of the car wash and the surrounding area and the lighting was good. He saw appellant drive up in his car with a female passenger and park at one of the stalls. Moments later, the informant drove up and parked at the same stall. Officer Cepeda saw appellant leave his car with a white styrofoam cup and "flash" the cup at the informant above the roof of informant's car. He testified the cup did not have a lid on it when it was "flashed." The informant was also out of his car at that time.

According to Officer Cepeda, after appellant flashed the styrofoam cup, appellant walked back to his vehicle. The informant removed his cap and left the premises, the signal that he had seen the drugs.[1] Officer Cepeda testified that when the informant left the premises, he assumed the informant had seen the drugs. At that point, Officer Cepeda had seen only the cup, not the drugs. It appeared to Officer Cepeda that appellant might drive off the property, so he and the other units converged on the car wash, blocking appellant's car.

Officer Cepeda approached the passenger side of the car; Sergeant Russek approached the driver's side. Sergeant Russek ordered appellant to turn off the ignition and to get out of the car. When appellant did not do so, Sergeant Russek reached in and pulled out the key. Sergeant Russek turned appellant over to another officer, and testified appellant was under arrest from this point. Officer Cepeda saw the styrofoam cup between appellant's legs; the cup was topped with a lid and straw. Sergeant Russek also saw the cup, but did not retrieve it until appellant was secured. Both Officer Cepeda and Sergeant Russek testified they did not see any cocaine until they looked in the cup.

In his second point of error, appellant asserts the trial court abused its discretion in denying his motion to disclose the identity of the confidential informant. Appellant argues that he was entitled to know the identity of the informant under both TEX.R.CRIM.EVID. 508(c)(2) and (c)(3).

Rule 508 of the Texas Rules of Criminal Evidence provides that the State has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law. TEX.R.CRIM.EVID. 508(a). There are exceptions to the privilege. If it appears from the evidence in the case or from other showing by a party that an informant may be able to give testimony necessary to a fair determination of the issues of guilt or innocence, the judge must give the State the opportunity to show in camera facts relevant to determining whether the informant can, in fact, supply that testimony. TEX.R.CRIM.EVID. 508(c)(2). If information from an informant is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informant reasonably believed to be reliable or credible, he may require the identity of the informant to be disclosed. TEX.R.CRIM.EVID. 508(c)(3).

Rule 508 is broader than the former law, which held that disclosure was not required unless the informant (1) participated in the offense, (2) was present at the time of the offense or arrest, or (3) was otherwise shown to be a material witness to the transaction or about whether the defendant knowingly committed the offense charged. *Anderson v. State*, 817 S.W.2d 69, 71–72 (Tex.Crim.App.1991); *Bodin v. State*, 807 S.W.2d 313, 317–18 (Tex.Crim.App.1991); *Lopez v. State*, 824 S.W.2d 298, 300 (Tex. App.—Houston [1st Dist.] 1992, no pet.). Under rule 508, the defendant has the burden to make a plausible showing that the informant could give testimony necessary to

---

1. Cepeda said both acts constituted the signal. Russek testified only that removal of the hat was the signal.

a fair determination of guilt. *Anderson*, 817 S.W.2d at 72; *Bodin*, 807 S.W.2d at 318; *Lopez*, 824 S.W.2d at 300. Evidence from any source, but not mere conjecture or supposition, must be presented to make the required showing that the informant's identity must be disclosed. *Bodin*, 807 S.W.2d at 318; *Lopez*, 824 S.W.2d at 300.

■ Before calling her first witness, the prosecutor moved to prevent the defense attorney from asking the name of the confidential informant. The court stated it would take the matter up later in the trial. During cross-examination of Officer Cepeda, defense counsel asked him for the identity of the confidential informant. The prosecutor objected and the court sustained the objection. After the State rested, defense counsel moved to disclose the identity of the informant. After an in camera hearing in chambers with the prosecutor and defense counsel, the trial court ruled as follows:

> [T]he Court finds that the evidence that was presented in open court by the police officer who observed the informant and the informant's actions surrounding the events immediately before the arrest of the defendant establishes the facts upon which the police officer relied in making the arrest of the defendant and in the seizure of the contraband in possession of the defendant ... that, further, *the defendant has made no specific showing to the Court that there is any additional evidence that the informer could—or the informant could give* which is necessary to a fair determination of guilt under the facts of this specific case; and, further, that the Court finds that the informant's potential testimony would not significantly aid the defendant in the trial of this lawsuit.

(Emphasis added.)

Under rule 508(c)(2), the defendant must first make a threshold showing that an informant may be able to give testimony necessary to a fair determination of the issues of guilt and innocence (not make a specific showing that there is additional evidence the informant could give). In *Anderson*, the informant was present when the delivery transaction was made, and the Court of Criminal Appeals found that whenever the informant was a witness to an alleged offense, the informant can give testimony "necessary to a fair determination of the issues of guilt, innocence." 817 S.W.2d at 72. The court held the defendant was entitled to disclosure of the informant's identity. *Id.* In *Lopez*, we found the defendant made a plausible showing that the informant could give testimony necessary to a fair determination of guilt or innocence because he was present when the delivery of drugs was made. 824 S.W.2d at 300.

We conclude appellant made a plausible showing, through Officer Cepeda's and Sergeant Russek's testimony in open court, that the confidential informant may provide testimony necessary to a fair determination of appellant's guilt. According to the police officers, the informant was at the scene of the offense (possession) only moments before the arrest and observed the quantity of drugs later found by the police in appellant's possession. The threshold obligation of appellant was met, although the trial court clearly found it was not.

■ Because the informant's testimony was, at a minimum, potentially exculpatory, the trial court was obligated under rule 508(c)(2) to determine whether the informant would support the police officers' or appellant's testimony regarding the facts, or offer other, heretofore undisclosed, relevant facts. TEX.R.CRIM.EVID. 508(c)(2); *see Anderson* at 72. The State must be given the opportunity to show facts in camera relevant to whether the informant can supply the testimony. The rule states the showing will normally be done by affidavit, but that the judge can compel testimony be taken if he cannot resolve the issue by consideration of the affidavits.

Here, the trial court's findings in the statement of facts following the in camera hearing show that the prosecution and defense argued, but that no in camera evidence was presented. The trial court did not require the State to reveal evidence of the informant's testimony in camera, apparently assuming the informant would testify consistent with the police officers. In the trial court's words, "the informant's potential testimony would not significantly aid the defen-

dant in the trial of his lawsuit." There is no in camera evidence in the record to support the trial court's finding, however likely its truth is.

In summary, appellant made a threshold showing that the confidential informant may provide testimony necessary to a fair determination of his guilt. There is no evidence in the record from which the trial could have determined whether in fact the informant could supply that testimony.

■ We next examine whether any harm resulted from the error. *Anderson,* 817 S.W.2d at 72; *Lopez,* 824 S.W.2d at 301; *Mendoza v. State,* 823 S.W.2d 752, 753 (Tex. App.—Dallas 1992, pet. ref'd); Tex.R.App.P. 81(b)(2).

At trial, appellant testified, and denied that the styrofoam cup admitted into evidence was the one he was holding at the time an unknown person approached him at the car wash and asked him if he knew where drugs could be found. Appellant stated he was holding a medium-sized McDonald's milkshake cup, with the McDonald's sign on it, which had a lid on it and a straw sticking out of the lid. The cup had "melted-down shake" in it. He denied showing the unknown person the contents of the cup. He denied that there were drugs in the cup. At the time of his arrest, the cup was resting on the console in the car between the front bucket seats.

Anshanette Bowser, the passenger in appellant's car on June 26, testified that she saw appellant with a styrofoam cup, but she could not say if the cup introduced into evidence was the same cup, although it could have been. She said appellant was drinking out of the cup at the time she got into his car. Ms. Bowser had joined appellant in his car a few minutes before he arrived at the car wash to get a ride home. She stayed in the car while at the car wash. She said she did not know that appellant had drugs.

Officer Cepeda testified that from his viewpoint across the street, the cup was just white with no markings and no lid. When he examined the cup in appellant's car, he saw that it was plain white, but had a lid and straw. He stated that at the time of the "flash," the cup did not have a lid on. Ser-

geant Russek also testified that he saw appellant holding a styrofoam cup. Both policemen stated they did not see any cocaine until, after appellant's arrest, they took the lid off the cup and looked inside.

In closing, defense counsel argued:

The biggest inconsistency is whether or not the confidential informant says there were any drugs in the cup; because it's difficult for me to believe that the testimony of the officer, that Officer Cepeda—that he could see with binoculars a hundred yards away, the length of a football field, that there was no lid on the cup.

The police officers testified that appellant possessed cocaine. Appellant denied he possessed cocaine. Ms. Bowser's testimony was equivocal: she knew nothing about any drugs. By the withholding of the name of the confidential informant, appellant was deprived of the opportunity to examine a potentially exculpatory witness, the confidential informant, the only person other than appellant and the police who saw the cocaine. We find such error harmful.

We sustain appellant's second point of error. Because of our holding, it is unnecessary to examine appellant's claim that he was entitled to the identity of the informant under rule 508(c)(3).

Given our disposition on appellant's second point of error, it is unnecessary to address his first.

The trial court's judgment is reversed, and the cause is remanded.