NO. 07-01-0044-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 18, 2001

______________________________

WILLIE EARL JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 232
ND
 DISTRICT COURT OF HARRIS COUNTY;

NO. 821471; HONORABLE MARY LOU KEEL, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

In this appeal, appellant Willie Earl Jackson challenges his conviction of possession with intent to deliver more than four but less than 200 grams of cocaine. The punishment, enhanced because of two prior felony convictions, was assessed by the jury at 50 years confinement in the Institutional Division of the Department of Criminal Justice.  In his challenge, he presents two issues for our disposition.  In those issues, he argues the trial court erred in 1) failing to follow the dictates of Texas Rule of Evidence 508(c)(2), and 2) in limiting appellant’s cross-examination.  Disagreeing that reversal is required, we affirm the judgment of the trial court.

On August 18, 2000, Houston Police Officer M.R. Burdick obtained a warrant to search 1710 Mary in Harris County.  Probable cause for the issuance of the warrant was based upon information from a confidential informant who had seen a narcotics transaction at the residence, Burdick’s knowledge that a man named Willie Earl lived there, and upon occurrences the officers saw while they were maintaining surveillance on the premises.  The informant identified the residence and described the individual who sold him the narcotics as a black male with a dark complexion and short hair, who was between 5'9'’ and 5'11'’, and who weighed between 160 and 180 pounds.  When the police drove up to the residence to execute the warrant, there were two black males on the porch and two more drove up in a vehicle.

Appellant and his brother Kevin Draden were the two males on the porch.  Neither one of them exactly matched the description given by the informant.  Appellant was much heavier than the informant’s estimate, and the brother was taller than the informant’s estimate of the seller’s height.  As a result of the search, cocaine was found on a coffee table and in a detached garage/shed in the back yard.  

The residence had been previously owned by appellant’s mother and appellant  lived in the house sporadically since his release from the penitentiary.  Although appellant asserted he was not living in the residence at the time, he had reported that his residence was 1710 Mary to the parole department and had not reported any change of address at the time of the search.  Also, the searchers found a pawn shop layaway slip, a car note, and a laundry slip in appellant’s name in the house.  

The gist of appellant’s first issue is if the informant had been produced, he could  be examined about whether the individual he saw make the narcotics transaction was, in fact, appellant.  In support of that position, he emphasizes the difference in the physical description of the actor in the affidavit and the actual physical description of appellant.  Appellant also posits that if the informant had been produced, he could “also testify that when he/she was inside the residence that the locations of any controlled substances were not related to the Defendant.”  He concludes that this type of testimony was not available from any other witness.

An informant’s identity should be revealed when his testimony is necessary to a fair determination of the guilt or innocence of an accused.  Tex. R. Evid. 508(c)(2).  However, it is the accused’s burden to make a plausible showing that the informer’s potential testimony will significantly aid appellant, and mere conjecture or supposition about possible relevance is not sufficient.  
Bridges v. State
, 909 S.W.2d 151, 157 (Tex.App.–Houston 1995, no pet.).  The mere filing of a Rule 508 motion is not sufficient to obtain a hearing, much less compel disclosure.  
Bodin
 
v. State
, 807 S.W.2d 313, 318 (Tex.Crim.App. 1991).

Rule 508(c)(2) creates a four-step procedure for resolving prosecution claims of privilege for informers, namely, 1) the evidence must show that the informer may be able to give necessary testimony, 2) the prosecution must invoke the privilege, 3) the trial court must permit the prosecution to show 
in camera
 whether the witness can give the testimony, and 4) if the court determines the informer can give the testimony, and the prosecution does not disclose his identity, the charge must be dismissed.  Tex. R. Evid. 508(c)(2)
; Lary v. State
, 15 S.W.3d 581, 584 (Tex.App.--Amarillo 2000, pet ref’d).

In support of his proposition that he was entitled to be apprised as to the identity of the informer, appellant cites and relies upon 
Bodin, Lary, and Loving v. State
, 882 S.W.2d 42 (Tex.App.--Houston [1
st
 Dist.] 1994, no pet.).  It is true that in each of those cases, the appellate courts held that the trial courts had reversibly erred in not requiring the release of the identity of the informant.  However, it is also true that in each of those cases, the informant was either present at the time of the arrest or immediately prior thereto and witnessed the illegal activity giving rise to those prosecutions.  That is not true here.  The informant here was not a witness to the actions that immediately precipitated the arrest.  The information from the informant in this case was only used to obtain the search warrant and the transaction in which he was involved occurred sometime prior to the search and incident which gave rise to appellant’s arrest.  While his testimony might be relevant and material concerning probable cause for the issuance of the warrant
, appellant admittedly did not contest probable cause and that question was not before the trial court and is not before us.  Thus, even assuming arguendo that the informant would testify that appellant was not the individual who sold him the narcotics, appellant was charged with the offense of possession of drugs on the day of the search.  That being so, his testimony would not be relevant on the question of appellant’s guilt or innocence of the crime actually charged. Additionally, even if the question of probable cause for issuance of the warrant was before the court, Officer Burdick’s testimony concerning his periods of surveillance and the traffic he observed would support a probable cause finding.

In order to establish unlawful possession of a controlled substance, the State must prove 1)  the accused exercised care, control and management over the contraband, and 2) the accused knew that the substance possessed was contraband.  
Deshong v. State, 
625 S.W.2d 327, 329 (Tex.Crim.App. 1981).  In that connection, appellant also asserts that the informant’s testimony was necessary to show that his brother had links to the drugs and that appellant did not exercise the requisite care, control, or management of the narcotics.

Even though it is necessary to establish additional independent facts and circumstances that affirmatively link an accused to contraband, it is not necessary to prove he or she had exclusive control of the premises.  
Id
.  Such facts as to whether the accused owned, rented, or controlled the place where the contraband was found, whether the accused had convenient access to the contraband, and whether the contraband was found in plain view or in areas private to the accused are examples of such additional links. 
Guiton v. State
, 742 S.W.2d 5, 8 (Tex.Crim.App. 1987); 
Hughes v. State
, 612 S.W.2d 581, 582 (Tex.Crim.App. 1981).  In this case, the police found the contraband at 1710 Mary, the address appellant identified as his residence to his parole officer.  At the time of his arrest, he was also receiving mail at that address, and pawn shop and dry cleaning receipts in his name were located at the residence.  Appellant additionally admitted he kept some of his clothes and his car at 1710 Mary.  Those facts are sufficient to affirmatively link appellant to the Mary street residence.  In the face of this evidence, even if the informant was able to show appellant’s brother had links to the property, such testimony would not serve to show appellant was innocent of the charge.

In sum, appellant did not meet his threshold burden of showing that the informant’s testimony was necessary to a fair determination of a material issue on his guilt or innocence.  This is particularly true in view of the fact that the informant was not present at the time of the search and seizure, and any knowledge he might have was of events prior to that time.  Appellant’s first issue is overruled.

In his second issue, appellant posits that the trial court reversibly erred in limiting his cross-examination of Officer Burdick.  The colloquy giving rise to this issue is as follows:

Q:  And I assume then that he was charged because you felt that – correct me if I’m wrong that he upon seeing you and the other officers arrive he went inside and put some cocaine on the coffee table. Is that your assumption?

The State:  Object to relevancy.  Calls for speculation.

The Court:  Sustained.

Q:  Did you ever see the fellow put anything on the coffee table?

The State:  Objection.  Relevance, Judge.

The Court: Sustained.

Appellant argues that not only did the trial court err, but that the error was of constitutional dimension.  That contention is material because if the denial of the cross-examination was constitutional error, to avoid reversal, it must be determined beyond a reasonable doubt that the error did not contribute to the conviction or punishment.  Tex. R. App. P. 44.1(a).  In advancing his argument, appellant reasons that the ruling by the trial court prevented him from showing that the officer was biased and, thus, the limitation violated his constitutional right to a full and complete cross-examination.  In 
Carmona v.
 
State,
 698 S.W.2d 100 (Tex.Crim.App. 1985), the court noted the holding in 
Davis v. Alaska
, 415 U.S. 308, 318-19, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974), that refusing to permit a defendant to cross-examine the material witness against him as to motive and bias for testifying deprives a defendant of his sixth amendment right to confrontation and, by doing so, reiterated the applicability of that doctrine in Texas.  
Carmona
, 698 S.W.2d at 103.  In asserting that the trial court’s action here had that effect, appellant analogizes the facts in this case to those before the courts in 
Delaware v. Van Arsdall
, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) and 
Shelby v. State
, 819 S.W.2d 544 (Tex.Crim. App. 1991).  However, the facts in both of those cases are distinguishable from those in the instant case.

In 
Van Arsdall
, the witness had only agreed to testify after he was offered a reduced plea on a separate charge.  The trial court refused to allow cross-examination on that point.
  
With the comment
 
 that
 “
a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby ‘to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness,’” the court concluded that had Van Arsdall’s counsel been allowed to cross-examine on that point, the jury might “have received a significantly different impression” of the witness’s testimony.  
Van Arsdall
, 106 S.Ct. At 1436 (citing 
Davis
).

In 
Shelby
, which concerned an aggravated sexual assault, the witness was the complainant’s mother, who was also suing the apartment complex for hiring the accused molester. The trial court‘s sustention of the State’s objection prevented defense counsel from exploring the bias which might have existed as a result of the damage suit and which might have affected the jury’s assessment of the credibility of the witness. 
Shelby
, 819 S.W.2d at 546.

However, the testimony in question here really did not bear upon the credibility of the witness’s testimony about the search and the results of the search.  In its essence, the testimony sought might have been relevant to the officer’s conclusion as to the relative guilt of appellant and his brother.  Even so, it did not bear upon the credibility of the testimony as to what the officer found as a result of the search and seizure which gave rise to the prosecution.  After the discovery of the contraband, the officer was simply doing his job by arresting the parties present.  The actual determination of who would be charged was made by the prosecution, not the officer.  Thus, the denial of the cross-examination was not constitutional error.

Moreover, the evidence that appellant contends he was not able to obtain because the State’s objection was sustained had already been brought before the jury during the officer’s direct examination by the State. The following colloquy demonstrates that fact:

Q:  Okay. Now, one of the men did not follow your orders to stay on the porch?

A:  That’s correct ma’am.

Q:  What did he do?

A:  He walked inside the front door of the residence, which was a living room.

Q:  What did you do when you saw him do that?

A:  As soon as he started to move I picked up my pace into a run.  I ran to the front porch and then into the residence after him.

Q:  And did you catch up with him in the residence?

A:  I did.

Q:  What did you see him do?

A:  I seen him place his hands on the coffee table in a living room area where I subsequently found a small amount of crack cocaine.

Little, if any, new information would have been presented to the jury even if appellant had been allowed to continue his line of questioning. 

Additionally, even assuming arguendo that the sustention of the State’s objection was constitutional error, it is error subject to a harmless error review.  
Shelby
, 819 S.W.2d at 547.  In determining whether the constitutional error contributed to the conviction or punishment, there are five factors to consider.
  Id.
 at 547.  Those factors include:  1) the overall strength of the prosecution’s case; 2) the importance of the witness’s testimony to the prosecution’s case; 3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; 4) the extent of cross- examination otherwise permitted; and 5) whether the testimony was cumulative.  
Id.

Applying those factors, the prosecution’s case was very strong and there was sufficient evidence to show that appellant had links to the contraband and that he knew it was illegal.  There was also other witness testimony sufficient to justify conviction.  While  Burdick was the primary witness for the State, there were other officers at the scene to provide a similar account of the scene and they provided evidence that corroborated the testimony of Burdick.  The cross-examination allowed appellant was extensive, thorough and the details of appellant’s brother’s arrest to which we have referred was the only part excluded and the relevant testimony of the informant would have been cumulative.

For the reasons we have recounted, if the exclusion was error, it was not constitutional.  Again, assuming arguendo that the court’s ruling was error, we must then determine if it affected appellant’s substantial rights.  
Aguirre-Mata v. State
, 992 S.W.2d 495, 499 (Tex.Crim.App. 1999).  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury’s verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).  For the reasons we have listed above, we also conclude that the court’s ruling did not deprive appellant of evidence that would have had a substantial and injurious effect upon the jury’s verdict.  Appellant’s second issue is overruled.

In final summary, both of appellant’s issues are overruled and the judgment of the trial court is affirmed. 

John T. Boyd

 Chief Justice 

Do not publish.

.