Affirmed and Dismissed and Opinion filed October 2, 2003

















[Watermark1] Affirmed and
Dismissed and Opinion filed October 2, 2003.

 

                                    

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01054-CR

NO.
14-02-01056-CR

NO.
14-02-01057-CR

______

 

PABLO ANTONIO PORTILLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from
the 185th District Court

Harris County, Texas

Trial Court
Cause Nos. 666,326; 94-00102 & 891,989

 

 

 

O P I N I O
N

            In this
appeal, appellant Pablo Antonio Portillo challenges, without a reporter’s
record, the trial court’s denial of a motion to disclose the identity of a
confidential informant.  We affirm the
trial court’s judgment in cause number 14-02-01057-CR.  We dismiss cause numbers 14-02-01054-CR and
14-02-01056-CR for want of jurisdiction.

 








Factual & Procedural Background

            In cause number 14-02-01054-CR,
appellant was indicted in 1993 for delivery of a controlled substance.  After appellant pleaded guilty, the trial
court deferred adjudication of guilt and placed 
appellant on community supervision for five years.  Appellate cause number 14-02-01054-CR, trial
court cause number 666326, will be referred to as cause number 1054. 

            In cause number 14-02-01056-CR,
appellant was indicted in 1994 for possession of a controlled substance.  Appellant again pleaded guilty, and the trial
court deferred adjudication of guilt and placed appellant on community
supervision for ten years. Appellate cause number 14-02-01056-CR, trial court
cause number 9400102, will be referred to as cause number 1056.

             In cause number 14-02-01057-CR, appellant was
indicted in 2001 for unlawfully and knowingly possessing more than 400 grams of
cocaine with intent to deliver. 
Appellate cause number 14-02-01057-CR, trial court cause number 891989,
will be referred to as cause number 1057. 
As a result of this third indictment, the State filed motions to
adjudicate guilt in the two earlier cases.   


            On April 16, 2002, appellant filed a motion in all
three cases to disclose the identity of all alleged informants relied upon by
the State, even though the only case involving an informant was cause number
1057.  On June 11, 2002, appellant filed an affidavit with
the trial court.  In the affidavit,
appellant stated a “witch doctor” named Gustavo gave him a potion to drink that
would bring him luck at the casino, but that it made him “feel very strange.”
Appellant claimed that, while under the influence of the potion, he was
contacted by Gustavo and thereafter agreed to deliver a package for him.  During the delivery, the police stopped
appellant and recovered the package allegedly containing cocaine.  On July 22, 2002, appellant filed an amended affidavit adding that he
felt “disoriented and out of [his] mind,” that he “behaved irrationally,” and
that he “was not at all [him]self.” 
Appellant claimed that he would never have delivered the package if not
for the influence of the potion. 
Appellant alleged in his motion that Gustavo was actually an agent of
the state and as such entrapped appellant into delivering the package. On July 22, 2002, the trial
court heard appellant’s motion to disclose the informant’s identity in camera and denied the same by written
order signed that day.

            Although the case proceeded to a
jury trial, appellant ultimately entered a plea of guilty with an agreed
recommendation of 20-years’ confinement. The trial judge found appellant guilty
and sentenced him to 20-years’ confinement on August 20, 2002.  Based on appellant’s guilty plea in cause
number 1057, the trial court revoked his community supervision in cause numbers
1054 and 1056, and the trial court adjudicated appellant guilty and sentenced
him to concurrent sentences of 25-years’ confinement plus a $500 fine, and
20-years’ confinement plus a $1000 fine, respectively.  Appellant now complains of the trial court’s July 22, 2002 order
denying his motion to disclose the informant’s identity.

 Appeal in Cause Numbers 1054 and
1056

            Appellant filed notices of appeal in
cause numbers 1054 and 1056.  We presume,
in the absence of a reporter’s record, the appeal in those two cases is
grounded on the contention the trial court lacked any basis for adjudicating
his guilt because he was entrapped and therefore not guilty of breaking any
conditions of probation.[1]  We first address whether the convictions in
causes 1054 and 1056 are appealable based on the
trial court’s possible abuse of discretion in failing to grant the motion to
disclose the informant’s identity.  

            Article 42.12 of the Code of
Criminal Procedure is dispositive of this issue.  It states:

The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge.  No appeal may be taken from this determination.  After an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence,
granting of community supervision, and defendant’s appeal continue as if the
adjudication of guilt had not been deferred.

Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (emphasis added). This section expressly provides there shall be
no appeal taken from the trial court’s determination to proceed with an
adjudication of guilt.  Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). 
The Court of Criminal Appeals has held that “given the plain meaning of
Article 42.12, § 5(b), an appellant whose deferred adjudication probation has
been revoked and who has been adjudicated guilty of the original charge, may
not raise on appeal contentions of error in the adjudication of guilt process.”
Connolly v. State, 983 S.W.2d 738,
741 (Tex. Crim. App. 1999).  Accordingly, a court that properly finds a
defendant could not appeal the trial court’s decision to adjudicate must
dismiss the appeal without reaching the merits. 
Id.; See, e.g., Porter v. State, 93 S.W.3d 342, 343–44 (Tex.
App.—Houston [14th Dist.] 2002, pet. ref’d) (holding
appellant may not appeal the trial court’s adjudication of guilt on original
offenses for violation of community supervision conditions based on alleged
error in subsequent offense).  

            Appellant has not provided any
argument that would prevent application of this rule to his appeal.  Accordingly, we dismiss the appeals in cause
numbers 14-02-01054-CR and 14-02-0156-CR for want of jurisdiction.




 








Appeal in Cause Number 1057

Standard of Review and Legal Standard

            In his sole issue, appellant argues
that the trial court erred in denying his motion to  disclose the identity of a confidential
informant.  We review a trial court’s
denial of a motion to disclose a confidential informant under an abuse of
discretion standard.  Sanchez v. State, 98 S.W.3d 349, 356 (Tex.
App.—Houston [1st Dist.] 2003, pet.
filed); Washington v. State, 902
S.W.2d 649, 657 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d).  Under this
standard, the Court of Appeals reverses only when the trial judge’s decision
was so clearly wrong as to lie outside that zone within which reasonable
persons might disagree.  Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990); Daniels v. State, 63 S.W.3d 67, 69 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref’d).  We may not substitute our judgment for that
of the trial court; rather, we must decide whether the trial court’s decision
was arbitrary or unreasonable.  Montgomery, 810 S.W.2d at 380; Daniels, 63 S.W.3d at 70.  This court must consider all of the
circumstances of the case to determine whether the trial court abused its
discretion by not requiring the State to disclose the informer’s identity.  Bridges
v. State, 909 S.W.2d 151, 157 (Tex. App.—Houston [14th Dist.] 1995, no
writ).

            When a defendant files a motion to
disclose the identity of a confidential informant, the State has a privilege to
withhold the identity of any person who has provided information relating to or
assisting in an investigation of a possible violation of a law.  Tex. R.
Evid. 508 (a); Washington v. State, 902 S.W.2d at 655–56.  In order to overcome the State’s privilege,
the defendant bears the threshold burden of demonstrating there is a reasonable
probability  the informer may give
testimony necessary to a fair determination of the issue of guilt or
innocence.  Loving v. State, 882 S.W.2d 42, 44–45 (Tex. App.—Houston
[1st Dist.] 1994, no pet.).  The informant’s
potential testimony must significantly aid the defendant, and mere conjecture
or supposition about possible relevancy is insufficient.  Bodin v. State,
807 S.W.2d 313, 318 (Tex. Crim. App. 1991).  The filing of a motion to disclose is
insufficient to obtain a hearing, much less compel disclosure.  Id.  However, because the defendant may not
actually know the extent of the informant’s involvement, he is only required to
make a plausible showing of how the testimony may be important.  Id.  

            If the defendant meets this initial
burden, the State must be given an opportunity to show, in camera, facts relevant to whether the informer can supply the
alleged testimony.  Tex. R. Evid.
508 (c)(2); Sanchez, 98 S.W.3d at
356.  The judge should order disclosure
of the informant’s identity if the judge finds a reasonable probability exists
that the informer could give testimony necessary to a fair determination of
guilt or innocence.  Sanchez, 98 S.W.3d at 356.

No Showing of Abuse of Discretion

            The clerk’s record indicates that
the trial judge held an in camera
hearing to determine whether to order disclosure of the alleged confidential
informant.  According to the trial
court’s docket, a court reporter was present at the hearing; however, the
reporter’s record is not before this court. 
Appellant never paid for the record, nor filed a motion or affidavit to
support a claim of indigence.[2]   Appellant asks this court to determine
whether the trial court abused its discretion based solely on the clerk’s
record.  Here, the absence of a
reporter’s record is fatal to appellant’s contention that the trial court
abused its discretion in denying his Rule 508 motion.  Because there is no reporter’s record to
support appellant’s claim and the clerk’s record alone does not show an abuse
of discretion, we must affirm.  

            Appellant timely filed the notice of
appeal on September
 19, 2002. Since no post-judgment motions were filed, this
court notified the reporter that the record would be due on October 21, 2002.[3]  This court sent a letter to the court
reporter on November
 22, 2002, stating that the reporter’s record had not been
filed and ordered that it be produced within fifteen days.  The court reporter filed a request for an
extension of time to file the record because 
appellant had not made arrangements for payment of the record.  In her request, she indicated that she had
spoken with appellant’s counsel in person regarding payment of the required
fees; however, no arrangements were ever made after their conversation. On December 3, 2002, this
court sent a letter directly to appellant’s counsel directing counsel to make
arrangements for payment of the record within fifteen days, otherwise the court
would decide the issues not requiring a reporter’s record.  See
Tex. R. App. P. 37.3.  No response was filed.  Thus, on January 9, 2003, we issued an order requiring
appellant to file a brief by February
 7, 2003.

            Although the court reporter is
responsible for preparing, certifying, and timely filing the reporter’s record,
that responsibility is conditioned upon the appellant’s filing a notice of
appeal, requesting that the reporter’s record be prepared, and paying for the
reporter’s record.  Tex. R. App. P. 35.3(b); Rodriguez v. State, 970 S.W.2d 133, 134
(Tex. App.—Amarillo 1998, pet. ref’d).  The Rules of Appellate Procedure provide:

[I]f the clerk’s record has been filed, the appellate court may—after
first giving the appellant notice and a reasonable opportunity to cure—consider
and decide those issues or points that do not require a reporter’s record for a
decision.  The court may do this if no
reporter’s record has been filed because: (1) the appellant failed to request a
reporter’s record; or (2)(A) appellant failed to pay or make arrangements to
pay the reporter’s fee to prepare the reporter’s record; and (B) the appellant
is not entitled to proceed without payment of costs.

Tex. R. App. P. 37.3(c).  Because appellant has failed to provide a
reporter’s record, and we have supplied ample opportunity to do so, we must
determine whether the issue presented by appellant may be decided without a
reporter’s record.  Id.

            Whether the trial court abused its
discretion in denying appellant’s motion to disclose the identity of an
informant is dependent upon the evidence presented during the in camera hearing.  This evidence would exist only in the
reporter’s record, not the clerk’s record. 
Thus, the clerk’s record alone cannot provide the basis for our
resolution of appellant’s assertion of error.

            It is the defendant’s burden to make
a threshold showing that an informant may be able to give testimony necessary
to a fair determination of the issues of guilt or innocence.  Loving,
882 S.W.2d at 45.  Appellant has not made
that threshold showing.  It is true that
the showing required by the defendant will ordinarily be in the form of
affidavits.  Tex. R. Evid. 508(c)(2).  The record before this court contains two
affidavits from appellant.  These are
not, however, evidence because there is no record demonstrating these
affidavits were properly introduced into evidence.  Affidavits do not become evidence in a
criminal case until they are introduced into evidence.[4]

            This court is required to review the
reporter’s record to determine whether the trial court’s decision denying
appellant’s request for the informant’s identity constituted an abuse of
discretion.  See Narvaiz v. State, 840 S.W.2d 415, 428 (Tex. Crim. App. 1992) (finding no abuse of discretion where
appellant failed to demonstrate in the record that trial court’s denial of
venue motion was outside realm of reasonableness); In re Marriage of Spiegel, 6 S.W.3d 643, 646 (Tex.
App.—Amarillo 1999, no pet.) (holding no abuse of discretion in denying
temporary injunction because no reporter’s record was produced and showing
abuse depended on evidence submitted to trial court).  The trial court’s decision will not be disturbed
so long as it is within the realm of reasonableness given the record that was
before the trial court.  Narvaiz, 840 S.W.2d at 428.  Here, without a reporter’s record of the in camera proceedings, appellant has
shown us nothing demonstrating the trial court had evidence the informant may
have been able to give testimony necessary to a fair determination of the
issues of guilt or innocence.  It follows
appellant has not, and indeed cannot, demonstrate the trial court’s denial of
his motion was outside the realm of reasonableness, and constituted an abuse of
discretion.  Accordingly, we overrule
appellant’s sole issue and affirm the decision of the trial court.  

Conclusion

            We dismiss the appeals in
14-02-01054-CR and 14-02-01056-CR for want of jurisdiction.  We affirm the judgment in cause number
14-02-01057-CR. 

 

                                                                                    

                                                                        /s/        John S. Anderson

                                                                                    Justice

 

 

 

Judgment
rendered and Opinion filed October 2,
 2003.

Panel
consists of Chief Justice Brister and Justices Anderson and Seymore.

Publish — Tex. R. App. P. 47.2(b).











            [1]  Appellant’s only issue presented on appeal is
whether “[t]he trial court erred in denying Appellant’s Motion to Disclose the
Identity of the Informant.”  Cause
numbers 1054, 1056, and 1057 have been consolidated into a single appeal, and
we will presume appellant’s sole issue regarding the informant applies to all
three appellate cause numbers. See Tex. R. App. P. 38.1(e) (providing “The
statement of an issue or point will be treated as covering every subsidiary
question that is fairly included.”). 
Rule 38.9 of the Texas Rules of Appellate Procedure also provides that
“[b]ecause briefs are meant to acquaint the court
with the issues in a case . . . substantial compliance with this rule is
sufficient . . . .”  See also Stephenson v. LeBoeuf, 16 S.W.3d 829, 843–44 (Tex. App.—Houston
[14th Dist.] 2000, pet. denied) (holding Rule 38.1 was intended to ensure that cases
are decided on their merits, rather than dismissed on technical grounds, and
stating that “[a]ppellate courts must now look to the
argument to determine the nature of complaints, including any subsidiary
issues, rather than the points or issues alone. 
If the court is able to ascertain the nature of the complaint from the
argument, the issue will be preserved for appellate review.”).    





            [2]  Texas Rule of Appellate Procedure 20.2
provides that “an appellant who is unable to pay for the appellate record may,
by motion and affidavit, ask the trial court to have the appellate record
furnished without charge.”  No motion or
affidavit was filed.  Thus, nothing in
the record indicates appellant is indigent or in any way unable to pay for a
reporter’s record.  Indeed, the fact that
appellant retained legal counsel and failed to pursue many opportunities to
establish his indigence imply appellant is not indigent.  





            [3]  Appellant’s counsel also received copies of
all correspondence sent from this court to the court reporter advising of
deadlines associated with filing of the reporter’s record.





            [4]  Texas Evidence Rule 508(c)(2) provides
“evidence submitted to the [trial] court shall be sealed and preserved to be
made available to the appellate court in the event of an appeal . . . .”  The record before this court does not contain
any evidence under seal.  The absence of
any evidence in that condition supports our conclusions that appellant’s
affidavits were not submitted to the trial court, and do not constitute
evidence.















 [Watermark1]