Opinion issued May 20, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00466-CR
NO. 01-03-00467-CR
____________


FREDERICK CANNADY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court 
Harris County, Texas
Trial Court Cause Nos. 931497 & 931496 




 
 
 
MEMORANDUM OPINION
          A jury convicted appellant, Frederick Cannady, of delivery of cocaine weighing
more than four grams and less than 200 grams


 and possession of cocaine weighing
more than one gram and less than four grams.


 See Tex. Health & Safety Code
Ann. §§ 481.112(d), 481.115(c) (Vernon 2003). After finding true appellant’s two
enhancement paragraphs alleging prior convictions for possession of a controlled
substance and criminal mischief, the jury assessed appellant’s punishment at 85 years
in prison for delivery of cocaine and 25 years in prison for possession of cocaine. In
appellant’s sole point of error in both appeals, we determine whether the trial court
erred in failing to order the State to disclose the identity of a confidential informant. 
We affirm.
Background
          On the morning of November 23, 2002, Officer Abraham Vanderberry, an
officer in the narcotics division of the Houston Police Department (HPD), met with
a confidential informant while Officer Vanderberry was working undercover in an
attempt to purchase cocaine. With other HPD officers monitoring their movement,
Officer Vanderberry and the informant proceeded to another location in separate
vehicles. At this location, the informant called Phillips, a friend of appellant, to set
up a meeting place to complete the drug transaction.
          After the meeting was arranged, the informant drove Officer Vanderberry to
a convenience store to meet with Phillips. Outside the convenience store, Phillips
requested that Officer Vanderberry show him that he had the money to purchase
cocaine, and Officer Vanderberry showed the money to him. The informant and
Officer Vanderberry then followed Phillips to a gas station, where Phillips wanted to
make the drug transaction. After Phillips drove away, Officer Vanderberry and the
informant waited at the gas station for approximately 45 minutes. 
          Upon Phillips’s return, Officer Vanderberry and the informant followed him
in the informant’s vehicle to a park. When they got to the park, Officer Vanderberry
approached Phillips’s vehicle, while the informant stayed in his vehicle. As Officer
Vanderberry got to Phillips’s vehicle, he met appellant for the first time. Appellant
was riding in the passenger’s seat of Phillips’s vehicle. Appellant asked to see
Officer Vanderberry’s money, and Officer Vanderberry showed him the money. 
Phillips and appellant then drove out of the park to get the cocaine, and Officer
Vanderberry rode with the informant back to the gas station because they felt it would
be safer there.
 
          Phillips and appellant drove into the gas station after Officer Vanderberry and
the informant had already arrived. Officer Vanderberry again exited the informant’s
vehicle and left the informant sitting in the vehicle while he approached the driver’s
side of Phillips’s vehicle. Phillips had driven, and appellant was still in the front
passenger’s seat. Officer Vanderberry negotiated with Phillips and appellant for the
sale of cocaine. Appellant then pulled two halves of a “cookie”


 of crack cocaine
from the waistband of his pants and handed it to Phillips to give to Officer
Vanderberry, so that he could taste it and check its purity.
          When Officer Vanderberry had the cocaine in his possession, he gave the
predetermined bust signal, and the HPD officers who were on surveillance arrived in
their vehicles and arrested appellant and Phillips. In addition to the cocaine that
Officer Vanderberry had already obtained, a crack pipe containing some cocaine was
also found in appellant’s pants pocket.Disclosure of Identity of Confidential Informant
          In appellant’s sole point of error in both appeals, he contends that the trial court
erred by failing to order the State to disclose the identity of the confidential informant
after appellant presented evidence that the informant’s testimony was essential to a
fair determination of appellant’s guilt or innocence.
A.      Standard of Review       
          The defendant has the threshold burden to show that the informant’s identity
must be disclosed. Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). To
carry this burden, the defendant must present evidence, which may be from any
source, but which cannot be mere speculation or conjecture. Id. Because the
defendant may not actually know the nature of the informant’s testimony, the
defendant need make only a plausible showing of how the informant’s testimony may
be important, i.e., of how that testimony could be necessary to a fair determination of
guilt or innocence. Id.; Anderson v. State, 817 S.W.2d 69, 72 (Tex. Crim. App.
1991); see Tex. R. Evid. 508(c)(2). The defendant must also show that the
informant’s potential testimony would significantly aid him. Bodin, 807 S.W.2d at
318. “Whenever it is shown that an informant was an eyewitness to an alleged
offense[,] then certainly that informant can in fact give testimony necessary to a fair
determination of the issues of guilt, innocence.” Anderson, 817 S.W.2d at 72; accord
Lopez v. State, 824 S.W.2d 298, 300 (Tex. App.—Houston [1st Dist.] 1992, no pet.),
abrogated on other grounds by Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.
1996).
 
          Once the defendant makes a plausible showing “that an informer may be able
to give testimony necessary to a fair determination . . . on guilt or innocence in a
criminal case, and the public entity invokes the privilege, the court shall give the
public entity an opportunity to show in camera facts relevant to determining whether
the informer can, in fact, supply that testimony.” Tex. R. Evid. 508(c)(2); Southwell
v. State, 80 S.W.3d 647, 650 (Tex. App.—Houston [1st Dist.] 2002, no pet.). We
review the trial court’s ruling on a confidential-informant motion for abuse of
discretion. Southwell, 80 S.W.3d at 650.
B.      Facts
          Appellant testified that the confidential informant was the first person to
approach Phillips’s vehicle at the gas station prior to the drug transaction. According
to appellant, the informant had a short conversation with Phillips and then walked
away and talked to Officer Vanderberry. Appellant asserted that the informant then
approached the driver’s side of Phillips’s vehicle with Officer Vanderberry and that
Phillips pulled the cocaine out from under the console. Appellant testified that he
was totally unaware that a drug transaction was taking place until Phillips pulled out
the cocaine. As a result, appellant asserts that the informant’s identity should have
been disclosed because his testimony would show that appellant was not involved in
the delivery of the cocaine. 
          After Officer Vanderberry testified that the informant had driven him to the
location where the drug transaction was to occur and that the informant had stayed
in his vehicle during the transaction, appellant moved to require the State to disclose
the informant’s identity. The State claimed its privilege not to disclose because the
informant was not present during the negotiations or the drug transfer. The trial court
responded to appellant’s motion by agreeing to talk to the informant in camera “out
of an abundance of caution.” The trial court subsequently contacted the informant
and conducted an in camera interview with him by telephone. The informant
indicated to the trial court that he did not see or hear any portion of the transaction
at the gas station because he was at least 150 feet away and his view was obstructed
by a building. As a result of appellant’s continued objections to the non-disclosure
of the informant’s identity, the trial court also interviewed Officer Vanderberry at
length to determine whether the informant’s testimony would be necessary. 
C.      Application of Law to Facts 
          Appellant appears to argue that, because he made a plausible showing that the
informant’s testimony was necessary, appellant was automatically entitled to have the
informant’s identity disclosed. Appellant relies on Loving v. State, 882 S.W.2d 42 
(Tex. App.—Houston [1st Dist.] 1994, no pet.), to support his argument. However,
appellant’s showing that the informant’s testimony could be material to the
determination of appellant’s guilt entitled appellant only to an in camera hearing; that
showing did not require the trial court automatically to order disclosure of the
informant’s identity. See Tex. R. Evid. 508(c)(2). In Loving, the trial court did not
hold an in camera hearing to determine the materiality of the informant’s potential
testimony. See id., 882 S.W.2d at 45-46. Here, the trial court interviewed both the
informant and the participating officer in making its determination concerning the
materiality of the informant’s potential testimony. 
          The trial court did not abuse its discretion, based upon the evidence developed
during in camera review, in determining that there was not a reasonable probability
that the informant could provide testimony necessary to the determination of
appellant’s guilt. Having made this determination, the trial court was not required to
order that the informant’s identity be disclosed. See Tex. R. Evid. 508(c)(2). 
Accordingly, the trial court did not abuse its discretion in denying appellant’s motion. 
            We overrule appellant’s sole point of error.











Conclusion
          
          We affirm the judgments of the trial court. 




      Tim Taft
                                                                         Justice

Panel consists of Justices Taft, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).