**James Martinez MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–01013–CR.**

Court of Appeals of Texas, Dallas.

Jan. 21, 1992.

Allen Fishburn, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before LAGARDE, KINKEADE, and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

James Martinez Mendoza appeals his conviction for the offense of conspiracy to possess cocaine. The court assessed punishment at forty years in the Texas Department of Criminal Justice, Institutional Division and a $500 fine. In his sole point of error, Mendoza contends that the trial court abused its discretion by refusing to order the State to disclose the name of the confidential informant who was present in a reverse sting operation. We sustain his point of error, reverse the trial court's

judgment, and remand the cause to the trial court.

On May 18, 1990, at approximately 4:00 p.m., Dallas undercover narcotics officers Anthony Gipson, Humberto Saucedo, and Joseph Richtsmeier participated in a "reverse sting" operation. A confidential informant told Officer Gipson about appellant's interest in acquiring a large quantity of cocaine. Officer Saucedo, appellant, and the confidential informant met in a motel room at the Welcome Inn, where the confidential informant introduced Officer Gipson to appellant as his uncle. As part of the reverse sting operation, Officers Gipson and Humberto went to the motel room to "purchase" a kilo of cocaine. They showed Officer Saucedo their money, and the three officers, along with the confidential informant, left the room to complete the purported transaction. When they returned, appellant allegedly told Officer Saucedo that he knew someone who would purchase a kilo of cocaine. Appellant left the motel and later returned with three other men. After one of the men showed Officer Saucedo a cereal box containing money, appellant told him to go with Officer Saucedo to "get the dope." While appellant and the confidential informant remained in the motel room, the three men followed Officer Saucedo to their truck where they were arrested. Police then arrested appellant in the motel room. The confidential informant quoted the price for the cocaine and was present in the motel room during the entire operation.

During the jury trial, appellant filed a motion seeking disclosure of the confidential informer's identity. After holding an in-camera hearing, the court denied the motion.

In his sole point of error, appellant claims that the court abused its discretion by refusing to order the State to disclose the name of the confidential informer. Rule 508 of the Texas Rules of Criminal Evidence provides three exceptions to disclosure of the identity of a confidential informer. The privilege does not apply if: (1) the informer's identity has been voluntarily disclosed; (2) the informer may be able to give testimony necessary to a fair determination of guilt; or (3) the judge is not satisfied that the informer was reasonably believed to be reliable. Tex.R.Crim. Evid. 508(c).

Appellant contends that the trial court erred because the confidential informant could give testimony directly relevant to the issue of guilt or innocence. The burden of proof is on the appellant/defendant to demonstrate that the informer's identity must be disclosed. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex.Crim.App.1991) (citing *Rugendorf v. United States*, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964)). Defendant need only show that the informer could give testimony necessary to a fair determination of guilt. *Bodin*, 807 S.W.2d at 318.

Testimony presented in this case shows that appellant made a plausible showing that the informer could give testimony relevant to appellant's defense. Officer Gipson testified that the confidential informant was present during both the transaction and the arrest. He further stated that the confidential informant quoted the asking price of the cocaine. Appellant was entitled to disclosure of the informant's identity, and the trial court erred in not ordering the State to disclose the name of the confidential informer. We must next determine whether the trial court's error was harmless.

Rule 81(b)(2) of the Texas Rules of Appellate Procedure requires that, where the record reveals error in the proceedings, the appellate court must reverse a judgment unless it determines beyond a reasonable doubt that the error did not contribute to the conviction or the punishment. The reviewing court should not focus on the propriety of the outcome of the trial; instead, the court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications. Further, the court should consider how much weight a juror would probably place upon the error. In addition, the court must also determine whether declaring the error harmless would encourage the State

to repeat it with impunity. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App. 1989).

■ The error presented here was the court's failure to require the State to disclose the identity of the informant who was present during the entire transaction and the arrest. The State presented testimony from four witnesses at the guilt/innocence stage and two at the punishment phase; all were police officers. Officer Saucedo testified that the informer was instructed not to participate in any phase of the transaction. Officer Gipson testified that the informant's activities were limited to introductions and answering the phone, but that the informant also quoted the price of the cocaine. The informer could have provided testimony either to corroborate or refute the testimony of the officers. Further, appellant claimed that he did not take part in negotiating the transaction and denied any knowledge of, or intent to participate in, a conspiracy. Clearly, the informant may have provided information concerning appellant's role in the operation.

The trial court held an in-camera hearing on the motion to disclose the identity of the confidential informant. Officer Gipson stated that, for the safety of the informant, he believed that the court should not order the State to disclose the informer's identity. He further stated that the informer had already been threatened as a result of his participation in the "reverse sting" operation. Although the confidential informer may have already been known, the State still insisted that his identity not be disclosed.

A rational trier of fact may have reached a different result had the trial court ordered the informer's identity disclosed. The error had the potential collateral effect of depriving appellant of an unknown, potentially exculpatory witness. We cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Tex.R.App.P. 81(b)(2). We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.