**William COOPER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–93–232–CR.**

Court of Appeals of Texas, Eastland.

Aug. 31, 1994.

**9**

Renie McClellan, Cedar Hill, for appellant.

John C. Vance, Dallas, for appellee.

OPINION

ARNOT, Justice.

The trial court convicted William Cooper of the offense of possession of less than 28 grams of cocaine. Upon appellant's plea of true to the enhancement paragraphs, the court assessed his punishment at confinement for 25 years. We affirm.

In two points of error, appellant challenges the legality of his detention and arrest. In the first point, he argues that the trial court erred in overruling his motion to suppress the cocaine because there was no probable cause to make a warrantless arrest and because his temporary detention was not justified by sufficient articulable facts. In the second point, appellant argues that the evidence should not have been admitted because

it was seized during an illegal stop and unlawful search. We disagree.

The record shows that Officers Mark J. Markulec and Timothy Fox responded to a call from dispatch concerning a disturbance at the Circle Inn. Dispatch notified the officers that there was a black female wearing a black T-shirt and blue jeans who was trespassing and who refused to leave the property. When the officers arrived, the manager pointed to the female and to appellant and told the officers that they were "involved in a disturbance." The officers drove over to appellant and the female in order to detain them and obtain more information. Officer Markulec approached the female and asked her about the disturbance. When Officer Fox approached, appellant walked away and continued walking even after Officer Fox asked him to return to the location. Appellant finally stopped. As he turned around, appellant pulled his right hand out of his pocket and dropped a clear baggie containing crack cocaine. Officer Fox retrieved the baggie and placed appellant under arrest. Officer Fox testified that appellant dropped the baggie on the sidewalk adjoining the parking lot and that the sidewalk was within Circle Inn's grounds and was well lit. The officers also testified that they had previously made many drug arrests at the Circle Inn and that they knew the manager there.

The trial court is the sole fact finder at a suppression hearing; and, absent an abuse of discretion, we may not disturb any finding that is supported by the evidence. *Davis v. State*, 829 S.W.2d 218 (Tex.Cr.App. 1992). We hold that the temporary investigative detention of appellant was justified. The officers were responding to a trespass call from dispatch. Trespassing is a crime under TEX.PENAL CODE ANN. § 30.05 (Vernon 1989). When the officers arrived, the manager told them that appellant was involved in the disturbance. At that point, the officers had sufficient articulable facts to suspect that some activity out of the ordinary was occurring or had occurred, had some suggestion to connect appellant with that activity, and had some indication that the activity was related to a crime. See *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Davis v.*

*State,* supra; *Mays v. State,* 726 S.W.2d 937 (Tex.Cr.App.1986); *Wells v. State,* 716 S.W.2d 715 (Tex.App.—Corpus Christi 1986, no pet'n). See and compare *Gurrola v. State,* 877 S.W.2d 300 (Tex.Cr.App.1994); *Hoag v. State,* 728 S.W.2d 375 (Tex.Cr.App. 1987).

Although appellant argues that *Gurrola* controls his case, we find that the facts of that case are distinguishable. In *Gurrola,* the police officer received an uncorroborated complaint from an unknown individual that some type of disturbance was occurring at a particular apartment complex. Upon arriving at the complex, the officer saw four people engaged in what appeared to be an argument. When the officer approached to find out what was going on, the four people began to leave but were summoned to return by the officer. The officer found a pistol and a packet of cocaine when he searched Gurrola. The court held that Gurrola's detention was not based on reasonable suspicion and was, therefore, an illegal stop. In appellant's case, the officers had information from a reliable source that a crime was occurring or had occurred and that appellant and his female companion were involved.

Because appellant's detention was a justifiable, legal investigatory stop, the recovery of the baggie of cocaine was not tainted by police misconduct. Appellant abandoned the baggie when he voluntarily dropped it during his brief detention by Officer Fox. When police take possession of abandoned property, there is no seizure under the fourth amendment. *Hawkins v. State,* 758 S.W.2d 255, 257 (Tex.Cr.App.1988); *Williams v. State,* 835 S.W.2d 781 (Tex.App.—Houston [14th Dist.] 1992, no pet'n). Thus, we hold that the trial court did not abuse its discretion in overruling the motion to suppress or in admitting the evidence. Appellant's first and second points of error are overruled.

The judgment of the trial court is affirmed.