11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Alfred Cotton

Appellant

Vs.                   No.  11-01-00124-CR C Appeal from Dallas County

State of Texas

Appellee

 

The jury
convicted appellant of possession with intent to deliver a controlled
substance,  cocaine, in an amount of 4
grams or more but less than 200 grams. The trial court found the enhancement
paragraphs to be true and assessed 
punishment at 25 years confinement. 
We affirm.           In his sole point of error, appellant
argues that the trial court erred in denying his motion to suppress
evidence.  After jury selection,
appellant presented his pretrial motion which included a motion to suppress illegally-obtained
evidence.  The trial court allowed
appellant to Acarry along@ his motion for a ruling at the close of the State=s evidence. Appellant presented his motion
after the State rested its case, and the trial court denied the motion.








In
reviewing a trial court's ruling on a motion to suppress, appellate courts must
give great deference to the trial court's findings of historical facts as long
as the record supports the findings. 
Guzman v. State, 955 S.W.2d 85 (Tex.Cr.App.1997).  We must afford the same amount of deference
to the trial court=s
rulings on Amixed questions of law and fact,@ such as the issue of probable cause, if the
resolution of those ultimate questions turns on an evaluation of credibility
and demeanor.  Guzman v. State, supra at
89.  Appellate courts, however, review
de novo Amixed questions of law and fact@ not falling within the previous
category.   Guzman v. State, supra.  When faced with a mixed question of law and
fact, the critical question under Guzman is whether the ruling
"turns" on an evaluation of credibility and demeanor.  Loserth v. State, 963 S.W.2d 770, 773
(Tex.Cr.App.1998).  A question
"turns" on an evaluation of credibility and demeanor when the
testimony of one or more witnesses, if believed, is always enough to add up to
what is needed to decide the substantive issue.  Loserth v. State, supra. We must view the record in the light
most favorable to the trial court=s ruling and sustain the trial court=s ruling if it is reasonably correct on any theory of law applicable to
the case.  Guzman v. State, supra.  

Dallas
Police Officer John Mark Bynum testified that on October 24, 2000, he and his
partner were assigned to the Roseland Homes Housing Development as part of a
special assignment.  Officer Bynum testified
that, at approximately 1:00 a.m., he and his partner received a call to respond
to a domestic disturbance within that area. 
The officers only received the block number and not a specific apartment
number.  Officer Bynum said that, when
they arrived at the apartment building, he and his partner went around the
building in different directions for their safety.  As he was turning the corner, Officer Bynum saw six or seven
people standing behind the building. 
Officer Bynum had previously made arrests at that very location for drug
offenses.  As he approached, Officer
Bynum saw appellant walk away from the group carrying a styrofoam
container.  Officer Bynum stated that
appellant looked at him, looked at the styrofoam container, and then threw the
styrofoam container on the ground.  

Officer
Bynum testified that he approached appellant to speak to him about littering
and to have him pick up the styrofoam container.  Officer Bynum conducted a Apat-down@ search of appellant for weapons and then
walked over to retrieve the styrofoam container.  Officer Bynum stated that the lid of the styrofoam container was
open and that inside there was a sandwich bag containing several Arock-like@ objects that were later determined to be crack cocaine.  As he was picking up the styrofoam
container, Officer Bynum=s partner informed him that appellant was running away.  Officer Bynum put the sandwich bag in his
pocket and began pursuing appellant. 
After a chase, appellant was apprehended by Officer Bynum=s partner. 
Appellant resisted when the officers attempted to place handcuffs on
him, and the officers had to use pepper spray to restrain him. 








Appellant
specifically argues that he was unlawfully detained and that he abandoned the
styrofoam container involuntarily as a result of the officer=s illegal detention.  The record shows that appellant dropped the
container before being detained by Officer Bynum.  The Fourth Amendment does not protect a person who voluntarily
abandons his property.  Abel v. United States,
362 U.S. 217, 241 (1960); Citizen v. State, 39 S.W.3d 367 (Tex.App. ‑
Houston [1st Dist.] 2001, no pet=n); Cooper v. State, 889 S.W.2d 8 (Tex.App. - Eastland 1994, no pet=n). 
Voluntary abandonment of property occurs if:  (1) the defendant intended to abandon property; and (2) his
decision to abandon the property was not due to police misconduct.  Brimage v. State, 918 S.W.2d 466, 507
(Tex.Cr.App.1996); Citizen v. State, supra. 
The record shows that appellant threw the styrofoam container down when
he saw Officer Bynum.  The trial court
did not err in denying appellant=s motion to suppress.

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

February 14, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.