**Opinion filed April 23, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-07-00288-CR

———————

## JULIO CESAR SOTELO, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR32394**

## M E M O R A N D U M   O P I N I O N

Julio Cesar Sotelo pleaded guilty and was convicted of the third-degree felony offense of possession of a controlled substance – cocaine weighing one gram or more but less than four grams. The trial court assessed punishment at confinement for two years, but the court suspended the imposition of the sentence and placed appellant on community supervision for five years. We affirm.

Appellant appeals from the trial court's denial of his motion to suppress. He presents two issues in which he argues that the trial court abused its discretion because the officer had no

reasonable suspicion to stop the vehicle in which appellant was a passenger and because the officer had no reasonable suspicion to stop or detain appellant after he got out of the vehicle.

Police may stop and briefly detain persons suspected of criminal activity when the circumstances objectively support a reasonable suspicion that the person detained is, has been, or soon will be engaged in criminal activity or, stated another way, a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997); *see also Florida v. Royer*, 460 U.S. 491, 497 (1983); *Terry v. Ohio*, 392 U.S. 1 (1968); *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); *Mays v. State*, 726 S.W.2d 937 (Tex. Crim. App. 1986). Reasonable suspicion requires an officer to have specific articulable facts which, together with rational inferences from those facts, would reasonably warrant the intrusion on the freedom of the detainee for further investigation. *Comer v. State*, 754 S.W.2d 656, 657 (Tex. Crim. App. 1986). Although a trial court's findings of fact from a suppression hearing must be given almost total deference, the determination of reasonable suspicion is to be reviewed de novo. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

At the hearing on the motion to suppress, only one witness testified: Officer Michael Nickel. The record shows that Officer Nickel was dispatched to a "disturbance" at a residence. When he arrived, he was advised that the instigating party had left, headed eastbound in a red Dodge dually pickup that had purple flames on it and a welder in the back. Officer Nickel located a pickup matching that description at a residence about five blocks from the scene of the disturbance. The pickup started to pull away as Officer Nickel approached, but Officer Nickel pulled in behind the pickup and turned on his lights. Officer Nickel testified that he stopped the pickup to contact the instigating party in the disturbance. According to Officer Nickel, appellant, who was a passenger in the pickup, jumped out and went toward the house. Appellant ignored the officer's verbal commands to stop and come back, so Officer Nickel walked up and personally contacted appellant, who was trying to hide in front of another vehicle in the driveway. Officer Nickel directed appellant back to the patrol car, but appellant again attempted to go another direction. Officer Nickel then grabbed appellant and led him to the front of the police car. Officer Nickel told appellant to sit down

on the front of the police car and to stay there, but appellant got "antsy" and started looking and moving around. Because of safety concerns due to appellant's behavior, Officer Nickel decided to pat appellant down for weapons. At that time, appellant reached into his pocket and pulled out a plastic bag containing a white substance. Officer Nickel seized the bag, conducted a field test on the substance, and then arrested appellant for possessing cocaine.

Appellant first argues that, based on the evidence adduced at the hearing, Officer Nickel lacked reasonable suspicion to stop the vehicle in which appellant was a passenger because there was no reason to believe any of the occupants of the vehicle were involved in criminal activity. We disagree. Officer Nickel was dispatched to a residential disturbance and was informed that the instigating party had fled the scene heading eastbound. Officer Nickel was given a detailed description of the pickup and was able to locate it just five blocks from the scene. We hold that Officer Nickel had reasonable suspicion to believe that an occupant of the pickup had been involved in some sort of criminal activity and that he was therefore justified in stopping the pickup to investigate. *See Cooper v. State*, 889 S.W.2d 8, 9 (Tex. App.—Eastland 1994, no pet.). Appellant's first issue is overruled.

Appellant next argues that Officer Nickel lacked reasonable suspicion to stop or detain appellant when he got out of the pickup and attempted to walk toward the residence. Appellant contends that the testimony showed that the driver, not the passenger, of the pickup was the person who had been involved in the disturbance. The record reveals, however, that Officer Nickel testified that he did not know at the time which occupant or occupants of the pickup were involved in the disturbance. Thus, it was reasonable for Officer Nickel to suspect that appellant had been involved in the disturbance and that the disturbance was criminal in nature. We hold that Officer Nickel was justified in stopping and detaining appellant for investigative purposes.

Appellant also asserts that the pat-down search was not authorized. We disagree. During a lawful investigative detention, an officer may conduct a limited search for weapons where the officer reasonably believes that his safety or that of others is in danger. *Terry*, 392 U.S. at 38. In this case, Officer Nickel testified that he decided to pat appellant down for weapons because appellant's actions caused the officer to be concerned for his safety. Appellant "couldn't sit still and was real fidgety." Officer Nickel testified that he "wanted to make sure [appellant] didn't have any

3

weapons to use against us" "if he decided to assault us."  We hold that the protective pat-down search of appellant for weapons was justified. *See Carmouche v. State*, 10 S.W.3d 323, 329-30 (Tex. Crim. App. 2000).  The second issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


April 23, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.