Opinion filed April 23, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 23,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00288-CR 

                                                    __________

 

                                  JULIO CESAR SOTELO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR32394

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








Julio
Cesar Sotelo pleaded guilty and was convicted of the third-degree felony
offense of possession of a controlled substance B
cocaine weighing one gram or more but less than four grams.  The trial court
assessed punishment at confinement for two years, but the court suspended the
imposition of the sentence and placed appellant on community supervision for
five years.  We affirm.

Appellant
appeals from the trial court=s
denial of his motion to suppress.  He presents two issues in which he argues
that the trial court abused its discretion because the officer had no
reasonable suspicion to stop the vehicle in which appellant was a passenger and
because the officer had no reasonable suspicion to stop or detain appellant
after he got out of the vehicle.  

Police
may stop and briefly detain persons suspected of criminal activity when the
circumstances objectively support a reasonable suspicion that the person
detained is, has been, or soon will be engaged in criminal activity or, stated
another way, a reasonable suspicion that some activity out of the ordinary is
occurring or has occurred, some suggestion to connect the detained person with
the unusual activity, and some indication that the activity is related to a
crime.  Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997);
see also Florida v. Royer, 460 U.S. 491, 497  (1983); Terry v.
Ohio, 392 U.S. 1 (1968); Johnson v. State, 912 S.W.2d 227, 235 (Tex.
Crim. App. 1995); Mays v. State, 726 S.W.2d 937 (Tex. Crim. App. 1986). 
Reasonable suspicion requires an officer to have specific articulable facts
which, together with rational inferences from those facts, would reasonably
warrant the intrusion on the freedom of the detainee for further
investigation.  Comer v. State, 754 S.W.2d 656, 657 (Tex. Crim. App.
1986).  Although a trial court=s
findings of fact from a suppression hearing must be given almost total
deference, the determination of reasonable suspicion is to be reviewed de
novo.  Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). 








At
the hearing on the motion to suppress, only one witness testified:  Officer
Michael Nickel.  The record shows that Officer Nickel was dispatched to a Adisturbance@ at a residence.  When he
arrived, he was advised that the instigating party had left, headed eastbound
in a red Dodge dually pickup that had purple flames on it and a welder in the
back.  Officer Nickel located a pickup matching that description at a residence
about five blocks from the scene of the disturbance.  The pickup started to
pull away as Officer Nickel approached, but Officer Nickel pulled in behind the
pickup and turned on his lights.  Officer Nickel testified that he stopped the
pickup to contact the instigating party in the disturbance.  According to
Officer Nickel, appellant, who was a passenger in the pickup, jumped out and
went toward the house.  Appellant ignored the officer=s verbal commands to stop and come back, so
Officer Nickel walked up and personally contacted appellant, who was trying to
hide in front of another vehicle in the driveway.  Officer Nickel directed
appellant back to the patrol car, but appellant again attempted to go another
direction.  Officer Nickel then grabbed appellant and led him to the front of
the police car.  Officer Nickel told appellant to sit down on the front of the
police car and to stay there, but appellant got Aantsy@ and started looking and
moving around.  Because of safety concerns due to appellant=s behavior, Officer Nickel
decided to pat appellant down for weapons.  At that time, appellant reached
into his pocket and pulled out a plastic bag containing a white substance. 
Officer Nickel seized the bag, conducted a field test on the substance, and
then arrested appellant for possessing cocaine.

Appellant
first argues that, based on the evidence adduced at the hearing, Officer Nickel
lacked reasonable suspicion to stop the vehicle in which appellant was a
passenger because there was no reason to believe any of the occupants of the
vehicle were involved in criminal activity.  We disagree.  Officer Nickel was
dispatched to a residential disturbance and was informed that the instigating
party had fled the scene heading eastbound.  Officer Nickel was given a
detailed description of the pickup and was able to locate it just five blocks
from the scene.  We hold that Officer Nickel had reasonable suspicion to
believe that an occupant of the pickup had been involved in some sort of
criminal activity and that he was therefore justified in stopping the pickup to
investigate.  See Cooper v. State, 889 S.W.2d 8, 9 (Tex. App.CEastland 1994, no pet.). 
Appellant=s first
issue is overruled. 

Appellant
next argues that Officer Nickel lacked reasonable suspicion to stop or detain
appellant when he got out of the pickup and attempted to walk toward the
residence.  Appellant contends that the testimony showed that the driver, not
the passenger, of the pickup was the person who had been involved in the disturbance. 
The record reveals, however, that Officer Nickel testified that he did not know
at the time which occupant or occupants of the pickup were involved in the
disturbance.  Thus, it was reasonable for Officer Nickel to suspect that
appellant had been involved in the disturbance and that the disturbance was
criminal in nature.  We hold that Officer Nickel was justified in stopping and
detaining appellant for investigative purposes.








Appellant
also asserts that the pat-down search was not authorized.  We disagree.  During
a lawful investigative detention, an officer may conduct a limited search for
weapons where the officer reasonably believes that his safety or that of others
is in danger.  Terry, 392 U.S. at 38.  In this case, Officer Nickel
testified that he decided to pat appellant down for weapons because appellant=s actions caused the
officer to be concerned for his safety.  Appellant Acouldn=t
sit still and was real fidgety.@ 
Officer Nickel testified that he Awanted
to make sure [appellant] didn=t
have any weapons to use against us@
Aif he decided to
assault us.@  We hold
that the protective pat-down search of appellant for weapons was justified.  See
Carmouche v. State, 10 S.W.3d 323, 329-30 (Tex. Crim. App. 2000).  The
second issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

April 23, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.