

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00446-CR

DADRIAN TERRELL THOMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19086-1203, Honorable Edward Lee Self, Presiding

November 4, 2013

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Dadrian Terrell Thomas appeals from a judgment through which he was convicted of delivering a controlled substance. His three issues arise from his motion to require the disclosure of the identity of a purported confidential informant. The trial court denied the motion. Thereafter, appellant pled guilty to the charge levied against him, which plea led to his conviction. We affirm the judgment.

The State has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of the law to a law enforcement officer. TEX. R. EVID. 508(a). But exceptions to the rule

exist. That in play here requires disclosure if "it appears . . . that an informer may be able to give testimony necessary to a fair determination of a material issue on . . . guilt or innocence in a criminal case . . . . *Id.* 508(c)(2). The burden lies with the defendant to satisfy the terms of the exception, though, and this obligates him to establish that the information is necessary and significant. *Ford v. State,* 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). In other words, the defendant must illustrate the presence of a reasonable probability that the informer may give testimony necessary to a determination of guilt or innocence. *State v. Sotelo,* 164 S.W.3d 759, 761 (Tex. App.—Corpus Christi 2005, no pet.). The proffer of mere speculation or conjecture is not enough, however. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991); *Morrel v. State*, No. 07-07-00449-CR, 2009 Tex. App. LEXIS 2573, at *5-6 (Tex. App.—Amarillo, April 15, 2009, no pet.) (not designated for publication).

Next, the decision about whether to order the disclosure of the informant's identity under Rule 508 lies within the trial court's discretion. *Morrel v. State*, *supra* (stating that the court of appeals "review[s] the trial court's ruling on a confidential-informant motion for abuse of discretion"). Unless the ruling is "so clearly wrong as to lie outside the zone of reasonable disagreement," it must be affirmed. *Id.* And, the decision so falls outside that zone when it is arbitrary, unreasonable, or fails to comport with any guiding rules or principles. *Id.* We cannot simply substitute our judgment for that of the trial court. *Id.*

Of further note is that the sum and substance of appellant's complaint revolves around an entrapment defense. That is, he wanted to question the informant or garner information about him to determine the viability of a potential claim of entrapment. The latter is a defense found in section 8.06 of the Texas Penal Code. Tex. Penal Code

2

ANN. § 8.06(a) (West 2011). Its elements consist of proof that the 1) accused engaged in the conduct charged, 2) he was induced to do so by a law enforcement agent, and 3) the agent used persuasion or other means likely to cause persons to commit the offense. *Id*.; *Hernandez v. State*, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005). Yet, conduct merely affording a person the opportunity to commit an offense does not constitute entrapment. TEX. PENAL CODE ANN. § 8.06(a) (West 2011).

The evidence of record at bar indicates that the informant did not participate in the drug transaction between appellant and the officer. Rather, the officer directed the informant to contact appellant about the officer's interest in acquiring drugs. The informant did so. This led appellant to call the officer. At that point, appellant uttered that he was undertaking the contact at the behest of the officer's "boy." Subsequent conversations between appellant and the officer (and in which the informant did not participate) resulted in a sale between those two individuals, and it was that sale for which appellant was arrested and prosecuted.

We acknowledge that the exceptions to Rule 508 have been invoked by defendants attempting to pursue an entrapment defense. Indeed, such was the situation in *Bodin v. State*. There, the record contained the following evidence:

> Officer Virgil Price of the Houston Police Department testified he and his partner, Officer Mitchell, put together a controlled buy of narcotics on September 7, 1988, after receiving information from a confidential informant that appellant was engaged in drug trafficking at appellant's residence . . . . Officers Price and Mitchell gave their confidential informant twenty-five dollars and watched him go inside appellant's apartment. Price stated the informant emerged four or five minutes later with the methamphetamine just purchased from appellant. The informant provided Price with a description of appellant. Price then prepared an affidavit and search warrant which was later approved and signed by Judge Kolenda.

*    *    *

Officers found the methamphetamine, which formed the basis of this conviction, in a key box when they executed the search warrant.

\*     \*     \*

Appellant [testified at trial] . . . that a man named James brought drugs into his apartment on September 7, 1988. James "did some drugs" when appellant was in the bedroom, then left fifteen minutes later. Appellant noticed a key box sitting on his kitchen table, and assumed James had left the box. Appellant put the box in his pocket, meaning to later return it to James when the police entered the apartment with the search warrant. Officers found the methamphetamine in the key box.

*Bodin v.* State, 807 S.W.2d at 315. Bodin sought the disclosure of the informant's identity to see if it was James. *Id.* at 316. He alleged that if the two were one and the same, "then [James'] presence at the apartment before appellant's arrest would be material evidence regarding a possible *entrapment defense*." *Id.* (Emphasis added.) The Court of Criminal Appeals agreed. "Based on these facts," according to that court, ". . . appellant made a plausible showing that the informer could give testimony necessary to a fair determination of guilt." *Id.* at 318. The court also observed that the "informer had information material to appellant's possession of drugs, and could have had information relevant to possible entrapment." *Id.* So, the trial court was obligated to conduct "an in camera hearing to determine whether the informer could, in fact, supply such information."[1] *Id.*

Unlike the situation in *Bodin*, though, appellant at bar did not testify personally. Nor did he submit evidence suggesting that the drugs he possessed were not his, that the informant could know to whom the drugs actually belonged, or that he (appellant)

---

[1] It should be noted that the Court of Criminal Appeals did not order the disclosure of the informant's identity to Bodin. Rather, it held that a sufficient showing was made to warrant further investigation by the trial court via an in camera hearing.

was an unwilling participant in the transaction with the officer.[2]  In short, appellant did not make a plausible showing the informant could give necessary testimony.

What we have instead are circumstances more akin to those in *Avalos v. State*, No. 14-06-0969-CR, 2008 Tex. App. LEXIS 3539 (Tex. App.—Houston [14th Dist.] May 15, 2008, no pet.) (not designated for publication).  There, the appellant also sought the disclosure of an informant's identity to develop an entrapment defense.  To that end, he presented evidence via an affidavit describing how "Miguel, a man characterized by appellant . . . as 'a casual acquaintance,' made repeated phone calls requesting that appellant sell him a large amount of cocaine."[3]  *Id.* at *8-9.  In concluding that this was insufficient evidence to warrant an in camera hearing, the appellate court reiterated "that a series of phone calls from a mere acquaintance is 'so unlikely to induce a person not already so disposed to commit a criminal offense as to not even raise the issue of entrapment.'"  *Id.* at *10; *accord Craver v. State*, 628 S.W.2d 155, 157-58 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd) (finding a police agent's repeated calls over a two-week period, made day and night, at home and work, and causing the defendant to argue with his fiance over the frequency of the calls was insufficient to raise the issue of entrapment).

Assuming *arguendo* that the informant at bar was an agent of the State, we have before us evidence of only one phone call between the informant and appellant.  Other evidence indicates that though this one call induced appellant to contact the officer, the

---

[2] Appellant hinted that the informant may have supplied him the drugs but cites us to no evidence of record supporting that insinuation.  Nor did our review of the record uncover any.

[3] Unlike the accused in *Avalos*, the appellant at bar did not provide the trial court with his affidavit in support of his effort to force the disclosure of the informant's identity.   A similar procedure, that is, the execution of an affidavit by the accused, was used in *Brice v. State*, No. 13-03-00412-CR, 2005 Tex. App. LEXIS 7971, at *4 (Tex. App.—Corpus Christi September 26, 2005, pet. ref'd) (not designated for publication).  The trial court viewed the affidavit in camera and then had it sealed and made part of the appellate record.

informant played no further role in the enterprise; the latter was pursued via the sole efforts of appellant and the officer. If a series of calls is not enough evidence of entrapment per *Avalos*, one phone call surely cannot be, given the dearth of other evidence illustrating undue influence. So, for that reason also, the trial court's decision at bar fell within the zone of reasonable disagreement and constituted a legitimate exercise of discretion.

To the extent appellant also seeks reversal by contending that his constitutional right to confront the informant and the officer was denied him, we say the following. First, he conceded at oral argument that the information sought from the officer was allegedly pertinent to establishing that the informant was an agent of the State for purposes of entrapment. Yet, even if we were to assume that questioning the officer would have served that end, there still remains no evidence of improper inducement. So, we conclude, beyond reasonable doubt, that the trial court's decision to prohibit him from questioning the officer about his ties with the informant did not harm appellant.

Second, as for being denied his purported constitutional right to confront and cross-examine the informant, the latter was not called to testify below. This is of import because an accused is not denied his right to confront someone when that person does not appear and testify in person or via other means. *Chavez v. State*, 508 S.W.2d 384, 386 (Tex. Crim. App. 1974); *accord Shelvin v. State,* 884 S.W.2d 874, 877 (Tex. App.—Austin, pet. ref'd) (holding the same).

Accordingly, we overrule the issues before us and affirm the judgment.

Brian Quinn
Chief Justice

Publish.

6