

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00029-CR

RICHARD SARDANETA RIOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2011-2484-C1, Honorable Ralph T. Strother, Presiding

May 23, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Richard Sardaneta Rios, entered a plea of guilty before a jury to the offense of possessing, with intent to deliver, a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams.[1] Additionally, appellant entered pleas of true to punishment enhancement allegations contained in the indictment alleging he had twice been convicted of a felony offense.[2] The jury assessed

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(a),(d) (West 2010).

[2] See TEX. PENAL CODE ANN. § 12.42(d) (West Supp.2013).

appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 99 years. Appellant appeals contending that the trial court erred in restricting appellant's cross-examination of the investigating officer. Appellant also contends that he suffered egregious harm when the trial court did not answer the jury's question during its deliberations. Disagreeing with appellant, we will affirm.

## Factual and Procedural Background

Appellant entered a plea of guilty without the benefit of a plea bargain agreement. He does not contest the sufficiency of the evidence or of the process that led to the entry of his plea of guilty. Accordingly, we will address only the facts necessary to address the issues raised.

After the entry of appellant's plea of guilty to the primary offense and pleas of true to the enhancement paragraphs, the State presented evidence for the jury's consideration on the issue of punishment. During this presentation, the testimony of Jason Barnum of the Waco Police Department was presented. Barnum was the lead investigating officer involved in the arrest of appellant. Barnum testified on direct examination that, prior to serving the search warrant on appellant's apartment, he had, through the use of a confidential informant (CI), made six controlled buys from appellant. Barnum further explained that controlled buys mean that the CI made the purchases directly from appellant. These purchases served as the probable cause for the issuance of the search warrant that resulted in finding and seizing approximately 50 grams of methamphetamine.

During Barnum's cross-examination, appellant's trial counsel attempted to ask specific questions about the date and place of the CI's purchases. Barnum testified that all of the purchases occurred at appellant's apartment but stated that he did not have the dates of the purchases with him. Further, the witness opined that to give the dates of the purchases would allow someone to ascertain who the CI was. At that time, the trial court advised counsel that he was not going to allow counsel to get further into that area of questioning. Appellant's counsel then moved on to another subject without objection or comment.

After the receipt of evidence concluded and while the jury was deliberating, the jury sent out the following note:

What is [V]oluntary [M]anslaugter?

    (1) Can we know the circumstances of this 1st offense?
    (2) Was it drug related?

The trial court answered the jury question as follows:

Ladies and Gentlemen of the Jury:

I have received your note. You have received all of the law and instructions necessary. Please continue your deliberations.

Thereafter, the jury completed its deliberations and returned a verdict of confinement in the ID-TDCJ for a period of 99 years. This appeal followed.

Appellant presents two issues to the Court. First, he contends the trial court erroneously restricted his right of cross-examination of the lead investigating officer.

3

Second, appellant contends that the trial court committed error in refusing to answer the jury's question. We disagree with each of appellant's propositions and will affirm.

## Cross-Examination of Investigator

### Standard of Review

As a reviewing court, we review the action of the trial court in admitting or excluding evidence under an abuse of discretion standard. *Casey v. State,* 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). A trial court does not abuse its discretion if its decision is within the zone of reasonable disagreement. *See Walters v. State,* 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).

### Analysis

During appellant's cross-examination of the lead investigator, Barnum, appellant attempted to elicit answers to questions about the six instances where Barnum's CI had made purchases of drugs from appellant. Barnum admitted that all purchases occurred at the apartment appellant lived at and where the search warrant was served. However, when Barnum was asked when the buys occurred, he demurred to answer saying that he did not have the information available off the top of his head. Barnum did admit he had the dates in his case file, but would not want to give those dates out as they could be used to identify the CI. At this point, the trial judge advised appellant's counsel to move to another subject because he was not going to allow him to go further into that information. Trial counsel began addressing another subject without objection or comment.

Under these facts, we must initially determine if anything was preserved for appellate review. The Texas Rules of Appellate Procedure require that, as a prerequisite for presenting a complaint on appeal, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

    (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;

TEX. R. APP. P. 33.1(a)(1). Here, appellant made no objection when the trial court instructed trial counsel to move to another subject for purposes of cross-examination. Accordingly, there is nothing preserved for appeal. *See Clark v. State,* 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Appellant ignores the preservation issue and proceeds to an analysis of whether the trial court erred in instructing trial counsel to move to another subject. In concluding that the trial court did so err, appellant seems to pay little heed to the language of Rule 508 of the Texas Rules of Evidence. Rule 508 is part of Article V, entitled "Privileges," and specifically governs the privilege concerning "Identity of Informer." *See* TEX. R. EVID. 508.[3] Rule 508, as applicable to this matter, grants a privilege to the State to refuse to disclose the identity of a person who has furnished information relating to the investigation of a violation of the law. Rule 508(a). There are exceptions to this general grant of privilege and the one we deal with in this case is Rule 508(c)(2). This exception, as applicable in a criminal case, provides:

---

[3] Further reference to the Texas Rules of Evidence will be by reference to "Rule ___."

Testimony on Merits-If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of a material issue . . . on guilt or innocence in a criminal case . . . .

Rule 508(c)(2).

In the case before the Court, appellant entered a plea of guilty to the charges. Therefore, there could be no showing that the informer could give testimony necessary to a fair determination of guilt or innocence. *See Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991) (en banc). Here, appellant could not meet the burden to show that the disclosure of the CI's identity was required because he/she could give testimony necessary for a fair determination of guilt or innocence. *See Thomas v. State*, 417 S.W.3d 89, 91 (Tex. App.—Amarillo 2013, no pet.). Simply put, the issue of guilt or innocence was decided by the plea of guilty. Appellant has not cited this Court to a case holding that the exception to the Rule 508 privilege extends to evidence heard during punishment nor have we found such a case.

To the extent appellant contends that *Mendoza v. State* so holds, we disagree. *See Mendoza v. State*, 823 S.W.2d 752, 753 (Tex. App.—Dallas 1992, no pet.). *Mendoza* was a trial on a charge of conspiracy to possess cocaine. *Id.* at 752. The issue of the informant arose during the guilt-innocence portion of the trial. *Id.* at 753. The only time the subject of punishment was even mentioned in the opinion was when the court concluded its harm analysis with a statement that, "We cannot conclude beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." *Id.* at 754. This latter statement appears to be a reference to the standard for reversible error applicable at that time which required a determination

6

whether the error contributed to the conviction or punishment. *See id.* at 753 (citing former TEX. R. APP. P. 81(b)(2)). The *Mendoza* case does not stand for the proposition that the exception to Rule 508 applies during the punishment phase of the trial.

Accordingly, the trial court did not abuse its discretion by refusing to allow appellant to continue the cross-examination of Branum. *See Casey,* 215 S.W.3d at 879. Appellant's first issue is overruled.

Jury Questions

After the jury retired to consider the issue of punishment, the jury sent the questions enumerated in the factual and procedural background portion of this opinion to the trial court. The trial court answered the jury in writing stating, "You have received all of the law and instructions necessary. Please continue your deliberations." The record reflects that both counsel for the State and appellant were present and were given the opportunity to object to the trial court's answer to the jury's questions. Trial counsel voiced no objection to this communication.

Article 36.27 of the Texas Code of Criminal Procedure governs the trial court's actions when answering questions from a jury. It provides, in relevant part:

> The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections or exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

7

> All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

Tex. Code Crim. Proc. Ann. art. 36.27 (West 2006).

On appeal, appellant now objects contending that the failure of the trial court to answer the questions was reversible error. In analyzing this proposition, appellant fails to mention the fact that trial counsel voiced no objection to the trial court's answer. We are again faced squarely with the question whether appellant preserved this issue for appellate review. The Texas Court of Criminal Appeals has answered this question by stating that, if the record does not explicitly reflect a timely objection to the trial court's answer to the jury's questions, such objections have been procedurally defaulted. *See Word v. State,* 206 S.W.3d 646, 651-52 (Tex. Crim. App. 2006).

Appellant admits that he did not object; however, he posits that we should review the trial court's decision for egregious harm. Although appellant does not cite the Court to any authority for this proposition, under the circumstances, we assume that appellant is asking the Court to review the trial court's decision under the *Almanza* standard. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (en banc). The State contends that since nothing has been preserved for appeal, the *Almanza* standard for review is inapplicable. *See Green v. State,* 912 S.W.2d 189, 193 (Tex. Crim. App. 1995). We agree with the State. However, even if we assume, for purposes of argument, that we should apply the egregious harm standard, appellant has not been harmed.

Egregious harm requires error that affected the very basis of appellant's case, deprived appellant of a valuable right, or vitally affected appellant's defensive theory.

8

*Cosio v. State,* 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). We are instructed to review an egregious harm claim by considering four factors: 1) the entire jury charge; 2) the state of the evidence, including the contested issues and weight of probative evidence; 3) arguments of counsel; and 4) any other relevant information revealed by the record of the trial as a whole. *Almanza,* 686 S.W.2d at 171.

The charge sets forth the offense for which appellant entered his plea of guilty and the appropriate range of punishment for that offense, in light of the enhancement paragraphs. Further, the charge states that appellant entered pleas of "True" to the allegations contained in the enhancement paragraphs. Following this, the charge instructs the jury to find the enhancement paragraphs allegations "True." The charge appropriately instructs the jury to consider all of the facts shown by the evidence before them in arriving at a verdict. The appropriate jury verdict forms are attached to the charge.

A review of the evidence reflects that appellant entered a plea of guilty to the indictment. Additionally, appellant entered a plea of "True" to each enhancement paragraph. The State produced evidence regarding the facts surrounding appellant's arrest for the indicted offense. Appellant, through three witnesses, presented testimony regarding appellant's relationship with his wife and other members of his family. This testimony went to the only contested issue before the jury, the sentence of confinement that would be appropriate.

The arguments of counsel were, simply put, opposite sides of the same coin. The State argued for a lengthy incarceration while appellant's counsel argued that

appellant's testimony demonstrated there was more to appellant than drug dealing and, accordingly, he was due consideration of a shorter sentence.

As to any additional factor, the question of the legal definition of voluntary manslaughter and the circumstances surrounding appellant's conviction for the offense were not issues then before the jury. This is so because appellant entered his plea of "True" to that enhancement paragraph. As a result, there was no issue of fact for the jury's determination.

After a review of all of the *Almanza* factors, we can say that appellant did not suffer egregious harm. Therefore, appellant's second issue is overruled because the same was not preserved and, if the issue was preserved, appellant did not suffer egregious harm.

## Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.