

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00192-CR

JAMES EDWARD MOORE                                             APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1269903D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant James Edward Moore appeals his conviction for possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2010). A jury found Moore guilty, and the trial court assessed his punishment at 25

---

[1]*See* Tex. R. App. P. 47.4.

years' confinement. In three points, Moore argues that the trial court violated his rights to confrontation by allowing the State to withhold the name of its informant and erred by denying his motion to suppress.

## II. FACTUAL BACKGROUND

Fort Worth Police Officer Joe A. Pittman received a tip from a confidential informant that Moore was trafficking narcotics; the confidential informant gave Officer Pittman a description of Moore and of his vehicle and told him where Moore was staying. Officer Pittman set up surveillance in his unmarked car and coordinated with a marked patrol unit "to make a traffic stop" if the officers saw Moore leave. The confidential informant rode in the back of Officer Pittman's car. Officer Pittman saw a car parked in an alley matching the description given by the confidential informant, and two other undercover narcotics officers set up surveillance on the car. They ultimately saw a man matching the description of Moore get into the car. After the car drove off, Officer Pittman, who was one block away, observed the driver, Moore, fail to signal prior to making a turn and fail to stop at a stop sign. Officer Pittman radioed to the marked patrol car to initiate a traffic stop.

Officer Christopher Gray stopped Moore and approached the driver's side of Moore's car; Officer Michael Johnson approached the passenger side. Officer Gray asked Moore for his license and insurance information. Moore could not locate his insurance card and acted nervous. Officer Gray asked Moore to step out of the car. As Moore was exiting the vehicle, he reached down and grabbed

2

a green bag from under his leg. Moore got out and threw the green bag across the top of the car. Officer Gray then pinned Moore against the car and handcuffed him to ensure his and Officer Johnson's safety. The green bag contained four baggies filled with a white crystal substance. Testing later revealed that the baggies contained more than four ounces of methamphetamine.

During the stop and arrest, Officer Pittman was "making the block" with the informant lying down in the backseat of the unmarked patrol car.

### III. DENIAL OF MOTION TO REVEAL INFORMANT'S IDENTITY

In his first point, Moore argues that the trial court violated his confrontation rights by denying his motion to reveal the informant's identity. Moore asserts that the informant was a material witness that Moore had the right to cross-examine under the United States and Texas constitutions.

### A. Standard of Review and Law on Withholding Informant Identity

The State possesses a general privilege to withhold the identity of an individual who has provided information that assists in a criminal investigation. Tex. R. Evid. 508(a). However, a court must order disclosure of the individual's identity if the informant may reasonably be able to provide testimony necessary to a fair determination of guilt or innocence. Tex. R. Evid. 508(c)(2). If it appears from the evidence in the case, or from some other showing by a party, that an informant may be able to give testimony necessary to a fair determination of guilt or innocence, and the State invokes the privilege, the trial court must give the

3

State an opportunity to show in camera facts relevant to determining whether the informant can, in fact, supply that testimony. *Id.*

The defendant possesses the initial burden to prove that the informant's potential testimony will significantly aid in the determination of the defendant's guilt or innocence. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991); *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd), *cert. denied*, 549 U.S. 922 (2006). Evidence from any source, but not mere conjecture about possible relevance, must be presented. *Bodin*, 807 S.W.2d at 318; *Haggerty v. State*, 429 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). The mere filing of a motion to reveal an informant's identity is insufficient to obtain a hearing, much less compel disclosure. *Bodin*, 807 S.W.2d at 318. The defendant must make a plausible showing of how the informant's information may be important, and only after such a showing is the trial court required to hold an in camera hearing to determine whether disclosure is necessary. *See Haggerty*, 429 S.W.3d at 8.

Disclosure of an informant's identity may be required if the informant was an eyewitness to or participated in an alleged offense. *Ford*, 179 S.W.3d at 210 (citing *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991)). Similarly, disclosure may be required if the informant was present at the time of the offense or arrest or was otherwise shown to be a material witness to the transaction. *See Anderson*, 817 S.W.2d at 72; *Washington v. State*, 902 S.W.2d 649, 656–57 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

4

We review a trial court's ruling on a motion to reveal an informant's identity for an abuse of discretion. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Thomas v. State*, 417 S.W.3d 89, 91–92 (Tex. App.—Amarillo 2013, no pet.). Under that standard, a trial court's decision is disturbed on appeal only when it falls outside the zone of reasonable disagreement. *Jones v. State*, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832 (1997).

## B. The Informant Was Not a Material Witness

At a hearing on Moore's motion to disclose the confidential informant's identity, Officer Pittman testified that he told the informant to lie down in the backseat of the officer's vehicle during the investigation and arrest and that the informant complied. Officer Pittman agreed that the informant could have lifted his head and looked out although the officer never saw the informant do so. According to Officer Pittman, nobody in his car could have seen Moore get in his car because they were parked a block away at the time. Officer Pittman was not near Officer Johnson's vehicle when Officer Johnson stopped Moore and could not see the stop. Officer Pittman "saw the red lights" but drove past as Officer Johnson was making the stop; neither the officers making the stop nor Moore had exited their vehicles yet. Officer Pittman drove around the block and returned after hearing that Moore was resisting arrest. When they arrived, Moore was in handcuffs. Consequently, even assuming that the informant did not obey Officer Pittman's orders and sat up in the backseat at any point during the

5

surveillance and stop of Moore, he could not have seen the events leading up to the stop, the events of the stop, or Moore's ultimate arrest. Thus, contrary to Moore's assertion in his motion and on appeal, the confidential informant was not a material witness to the events leading to Moore's arrest.[2]

There is no evidence that the confidential informant participated in the offense or witnessed the offense, the stop, or the arrest of Moore. *See Ford*, 179 S.W.3d at 210; *Haggerty*, 429 S.W.3d at 8. We hold that the trial court did not abuse its discretion by determining that Moore failed to make a plausible showing that the informant's testimony was material to determining guilt or innocence. *See* Tex. R. Evid. 508(c)(2); *Bodin*, 807 S.W.2d at 318; *Ford*, 179 S.W.3d at 210; *see also Washington*, 902 S.W.2d at 656–57 (holding that confidential informant's identity was not necessary to a fair determination of guilt or innocence when informant did not witness the charged offense). We overrule Moore's first point.

---

[2]Moore also asserted in his motion that the informant was a material witness because Moore "was not aware of the presence of the controlled substance planted in his vehicle." And on appeal, Moore argues that the informant could have testified to material facts regarding whether Moore was "merely an innocent party set up by the informant." Although not entirely clear from his arguments, it appears that Moore is alleging that the confidential informant planted the methamphetamine in the car in order to set up Moore, but Moore did not provide anything other than his "mere conjecture" that the informant did so. *Bodin*, 807 S.W.2d at 318; *Haggerty*, 429 S.W.3d at 8. Thus, he did not satisfy his burden to make a plausible showing of how the informant's information may be important in this regard. *See Bodin*, 807 S.W.2d at 318; *Haggerty*, 429 S.W.3d at 8.

## IV. Denial of Motion to Suppress

In his second and third points, Moore argues that the trial court erred by denying his motion to suppress because the police obtained evidence as a result of an illegal search that exceeded the scope of the stop and because Officer Pittman violated the Texas anti-profiling law by using a vehicle not equipped with video equipment and by failing to file an anti-profiling report.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

### B. Legality of Traffic Stop and Search of Bag

Moore argues in his second point that the methamphetamine found in the green bag should have been suppressed because he threw the bag as a direct result of the officers' unlawful conduct in stopping him for the sole purpose of finding a reason to conduct a search. Moore appears to be arguing that he

7

abandoned the green bag due to police misconduct in making an illegal pretexual stop.

The Fourth Amendment does not prevent the use of evidence obtained during a pretextual stop if an officer has probable cause to believe that the defendant committed a traffic violation. *Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 1774 (1996) (citing *United States v. Robinson*, 414 U.S. 218, 221, 236, 94 S. Ct. 467, 470, 477 (1973) (holding that a traffic-violation arrest remains valid despite the fact that it was a mere pretext for a narcotics search and that a lawful post-arrest search of the person remains valid even if it was not motivated by the officer-safety concern that justifies such searches)). The "objective" test for pretextual searches and seizures—followed by Texas courts—deems the officer's subjective motivation irrelevant to the determination of whether the seizure was reasonable. *Crittenden v. State*, 899 S.W.2d 668, 671–73 (Tex. Crim. App. 1995).

Here, Moore does not challenge the officers' objective basis for the stop—failure to signal a turn and failure to stop at a stop sign. Officer Pittman testified that he observed Moore commit two traffic violations and directed Officer Gray to initiate the stop in his marked patrol car. The officers had an objective basis for the stop, and their subjective motivation was irrelevant to the reasonableness of the stop. *See Whren*, 517 U.S. at 813, 116 S. Ct. at 1774; *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1093 (2012); *Crittenden*, 899 S.W.2d at 671, 674.

8

After conducting a lawful traffic stop, Officer Gray asked Moore to step out of the vehicle. The officer did so lawfully and in accordance with the privilege afforded to police officers while engaged in a roadside stop. *See Pennsylvania v. Mimms*, 434 U.S. 106, 111, 98 S. Ct. 330, 333 (1977) (stating that a police officer who lawfully detains an individual may request that the individual exit his vehicle without violating the Fourth Amendment); *Hill v. State*, 303 S.W.3d 863, 871 (Tex. App.—Fort Worth 2009, pet. ref'd) (same). Officer Gray testified that Moore's behavior—shaking, breathing heavily, and making furtive movements with his hands—caused Officer Gray to fear for his and Officer Johnson's safety. As Moore exited the vehicle, he threw the green bag across the car.

When police take possession of property abandoned independent of police misconduct, there is no seizure under the Fourth Amendment. *McDuff v. State*, 939 S.W.2d 607, 616 (Tex. Crim. App.), *cert. denied*, 522 U.S. 844 (1997). There was no police misconduct here because police possessed an objective basis for the traffic stop and acted lawfully in requesting that Moore exit the vehicle.[3] *See id.*; *see also Comer v. State*, 754 S.W.2d 656, 659 (Tex. Crim. App. 1986) (op. on reh'g) (explaining that the decision to freely abandon property

---

[3]In support of his contention that the police engaged in misconduct, Moore relies exclusively on *Arizona v. Gant*, 556 U.S. 332, 332, 129 S. Ct. 1710, 1712–13 (2009). *Gant* holds that police may perform a search of a vehicle's passenger compartment during a search incident to arrest only if it is reasonable to believe that the arrestee might access the vehicle during the time of the search or that the vehicle contains evidence of the arrest. 556 U.S. at 332, 129 S. Ct. at 1712–13. *Gant* does not apply here because the evidence at issue was not found as a result of a search incident to arrest.

must not be the product of police misconduct); *Cooper v. State*, 889 S.W.2d 8, 10 (Tex. App.—Eastland 1994, no pet.) ("Because appellant's detention was a justifiable, legal investigatory stop, the recovery of the baggie of cocaine [dropped by appellant during the detention] was not tainted by police misconduct."). We hold that the trial court did not err by denying Moore's motion to suppress based on an illegal search, and we overrule Moore's second point.

## C. Violation of the Anti-Profiling Statute

Moore argues in his third point that the trial court should have suppressed the evidence because the Fort Worth Police Department does not equip its zero tolerance squad's[4] patrol cars with video equipment in violation of Texas Code of Criminal Procedure article 2.132 and because Officer Gray alternatively failed to file an anti-profiling report after the stop in violation of article 2.132. *See* Tex. Code Crim. Proc. Ann. art. 2.132 (West Supp. 2014). Moore argues, therefore, that the evidence of his stop should have been suppressed under article 38.23. *See id.* art. 38.23 (West 2005).

Article 2.132, entitled "Law Enforcement Policy on Racial Profiling," requires Texas law enforcement agencies to adopt a detailed written policy on racial profiling. *Id.* art. 2.132(b). The policy must "require collection of information relating to motor vehicle stops in which a citation is issued and to arrests made as a result of those stops." *Id.* art. 2.132(b)(6). Law enforcement

---

[4]The Fort Worth Police Department's zero tolerance squad is a police unit that focuses on repeat drug offenders in high crime areas.

agencies shall also "examine the feasibility of installing video camera and transmitter-activated equipment in each agency law enforcement motor vehicle regularly used to make motor vehicle stops and transmitter-activated equipment in each agency law enforcement motorcycle regularly used to make motor vehicle stops." *Id.* art. 2.132(d).

Article 38.23 prohibits the use of evidence that an officer obtained in violation of the United States Constitution, the Texas constitution, or Texas law. *Id.* art. 38.23. The primary purpose of the exclusionary rule is to deter police activity that could not have been reasonably believed to be lawful by the officers committing the conduct. *See Drago v. State*, 553 S.W.2d 375, 378 (Tex. Crim. App. 1977); *Bachick v. State*, 30 S.W.3d 549, 553 (Tex. App.—Fort Worth 2000, pet. ref'd). For evidence to be inadmissible under article 38.23, the defendant must produce evidence demonstrating a causal connection between the violation of the law and the evidence obtained. *Pham v. State*, 175 S.W.3d 767, 772 (Tex. Crim. App.), *cert. denied*, 546 U.S. 961 (2005).

Here, Officer Gray testified that the zero tolerance squad patrol cars are not equipped with video equipment. He also testified that although he files anti-profiling reports when he remembers, he did not recall filing one in this case. But the failure to comply with article 2.132's anti-profiling reporting requirements does not possess the necessary causal relationship to discovery of the incriminating evidence. *See* Tex. Code Crim. Proc. Ann. art. 2.132(b)(6); *State v. Purdy*, 244 S.W.3d 591, 595 (Tex. App.—Dallas 2008, pet. struck) (holding that violation of a

11

statute that is administrative in nature and unrelated to the purpose of the exclusionary rule does not warrant excluding evidence under article 38.23); *Bachick*, 30 S.W.3d at 553 (noting that when nothing in the record indicates that the objectionable evidence was obtained as a result of the alleged statutory violation, exclusion is not required). A failure to properly file post-detainment paperwork has no effect on the circumstances surrounding the stop itself and is unconnected to the exclusionary rule's purpose. *Fredrick v. State*, No. 09-08-00353-CR, 2010 WL 723758, at *3 (Tex. App.—Beaumont Mar. 3, 2010, no pet.) (mem. op., not designated for publication) (holding that failure to file report required by anti-profiling statute was not violation of law that would prevent admission of evidence obtained at traffic stop); *see Purdy*, 244 S.W.3d at 595; *Bell v. State*, 169 S.W.3d 384, 390–91 (Tex. App.—Fort Worth 2005, pet. ref'd). Further, the code of criminal procedure does not require video equipment in squad cars but only that each department examine the feasibility of installing such equipment. *See* Tex. Code Crim. Proc. Ann. art. 2.132(d).

Thus, the trial court did not err by denying Moore's motion to suppress due to an unconnected violation of the anti-profiling statute. For the same reasons, we also deny Moore's alternative suggestion that we "notify cities that this conduct will not further be tolerated." We overrule Moore's third point.

## V. CONCLUSION

Having overruled Moore's three points, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 20, 2014